### WOOD *v.* DAVIS.

*(Superior Court of New York City, Special Term. June, 1891.)*

COUNTER-CLAIM—CLAIMS IN DIFFERENT RIGHTS—PRINCIPAL AND AGENT.

A complaint alleged that defendant had been doing business under the name of "D., Attorney," but that he was personally interested in the business, and that the addition of "Attorney" was simply a name under which he did business; that plaintiff and defendant had long dealings together; that a settlement had been had, and a balance found due, the unpaid portion of which plaintiff sought to recover. *Held*, that defendant could not set off against plaintiff a demand in favor of one L., for whom he alleged that he acted as agent in the transactions set out in the complaint, and who was the sole party in interest, as the action was against defendant personally.

Action by William H. S. Wood against F. A. Davis. Plaintiff demurs to the answer on the ground that it does not state any defense or counter-claim to the action.

*Edwards & Odell*, for plaintiff. *Stearn & Kingsbury*, for defendant.

McADAM, J. The complaint alleges that the defendant has for years been doing business under the name of "F. A. Davis, Attorney;" that he was personally interested in the business carried on under said name and style, and that the addition of "Attorney" was simply a name or style adopted by defendant, and under which he had carried on his business. The complaint alleges long dealings between plaintiff and defendant, in respect of which an accounting and a settlement and adjustment was had on December 31, 1885, by which a certain sum, viz., $28,170.68, was admitted to be due from

defendant to the plaintiff.    It then alleges sundry payments upon said balance due, and that, at the time of the commencement of this action, there was remaining due and unpaid the sum of $7,482.30, over and above all payments theretofore made by defendant.    The defendant, by his answer, denies the· allegation that he was personally interested in the transactions in the complaint mentioned, and alleges that he acted in regard to them as agent for one Lizzie S. Davis, who is alleged by him to have been the principal and the· sole party interested in all the transactions in the complaint set forth.    The answer then sets out dealings between the plaintiff and Lizzie S. Davis, resulting, as alleged, in claims in favor of Lizzie S. Davis against the plaintiff, which are set up as counter-claims in this action, and for which judgment is demanded both for a large sum of money alleged to be due, and also that the plaintiff render and judicially settle an account between himself and Lizzie S. Davis, in regard to certain transactions alleged to have been had between them.    It is to this latter portion of the answer, assuming to set up two counter-claims, that the demurrer has been interposed.

The demurrer is framed under section 494 of the Code of Civil Procedure, and is substantially in the words of that section, that each of said counter-claims is insufficient in law, and that the facts stated therein do not constitute any defense or any counter-claim to the action.    While the demurrer is framed under section 494, it is also in form sufficient to cover the fourth and fifth subdivisions of section 495.    The action is brought against F. A. Davis individually, and the complaint expressly alleges that, although he was in the habit of adding "Attorney" after his name in all his contracts and business transactions, yet plaintiff's dealings were with him, the demand against him is a personal one, and the judgment sought against him is against him individually and personally.    It would seem clear, after this statement, that any demand alleged to exist in favor of a third person, Lizzie S. Davis, not a party, could not properly be set up as a counter-claim in this action.    The statement of this proposition seems to carry all force which can belong to it. In this action plaintiff claims and can recover nothing against Lizzie S. Davis.    It would seem to follow that Lizzie S. Davis in this action can set up and recover nothing whatever against the plaintiff.

The defendant argues the case as if all that was necessary was that the facts set forth in this counter-claim should be sufficient to constitute a cause of action.    This has little to do with the matter.    The causes of action which are set forth are causes of action in favor of one Lizzie S. Davis against this plaintiff, which she might enforce in a separate action brought by her for the purpose.    She has not been sued, and she cannot in this way inject herself as a defendant, or her demand as a defense or counter-claim, into the action. The only reference to any authority made by the defendant is to Dicey on Parties to Actions, on page 159, and note.    This portion of the treatise referred to simply deals with the question of who may bring an action, whether the principal or the agent.    The citations made in no way refer to or affect the question now before the court.    If either Lizzie S. Davis, the alleged principal, or F. A. Davis, as the alleged agent for Lizzie S. Davis, should choose to bring an action against the plaintiff, he would be required to meet it in such way as he might be advised.    In such an action, if the plaintiff failed to succeed, defendant would be entitled to a proper judgment against or affecting Lizzie S. Davis.    In the present action he can in no way obtain any judgment or relief against her, nor can she in this action settle any claim she may have against him.    The Code (section 449) permits a person with whom or in whose name a contract is made for the benefit of another to prosecute the action to recover the debt due, while it requires (section 501) that the counter-claim permitted to be interposed shall belong to the defendant.    The reason of this is that, while the agent may sue and collect for the benefit of his principal any demand owing to him, he can-

not use the principal's debt to pay or extinguish his own individual liabilities. The suit and the set-off are not in the same right, (*Hurlbert* v. *Insurance Co.*, 2 Sum. 471;) and where an agent is liable on a contract made 'for the benefit of a third person, by reason of not disclosing his agency, he cannot avail himself of a debt due by the plaintiff to such third person as a set-off, (*Forney* v. *Shipp*, 4 Jones, N. C., 527; 2 Smith, Lead. Cas., 8th Ed., pt. 1, p. 359.) The defendant may plead any equity or defense that exists against the demand in suit, but he must not employ as counter-claims independent causes of action existing in favor of others, for it is in this respect that the portions of the answer demurred to are open to legal objection. The fact that the defendant did business under the name of "F. A. Davis, Attorney," does not change the legal effect of the transaction. The appendix is merely regarded as *descriptio personæ*. It does not of itself make third persons chargeable with notice of any representative relation of the party, and the liability created is purely personal. If, in the present instance, the defendant acted as agent only, and that fact was known to the plaintiff at the time, no personal liability was created, unless the defendant assumed the obligation personally; and except in that instance there will ultimately have to be judgment in favor of the defendant, without regard to the state of the account or the existence of counter-claims. It follows that the plaintiff is entitled to interlocutory judgment on the demurrer, with costs; with leave, however, to the defendant to serve an amended answer on payment, within 20 days, of the trial fee of an issue of law.