# Dalton *v*. Bunn & Allison.

*Action of Assumpist.*

1. *Vendor and purchaser; purchaser can not defeat suit for goods sold by setting up breach of contract.*—The purchaser of goods, while retaining the goods so purchased, can not, in a suit for their value, set up the breach of contract in the sale and purchase to defeat payment and as a bar to plaintiff's right of action.

2. *Pleading and practice; when motion to strike pleas should not be granted; sufficiency of pleas should be tested by demurrer.* Unless special pleas filed are either frivolous, irrelevant or prolix, it is error for the court to strike such pleas on motion. The sufficiency of a plea must be tested by demurrer.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. OSCEOLA KYLE.

This was an action of assumpist brought by the appellees, Bunn & Allison, a partnership, against the appellant, A. L. Dalton, to recover six hundred dollars. The defendant pleaded the general issue and the folowing special pleas: "1. The defendant alleges that upon the 23d day of November, 1898, through W. L. McLendon, his agent, he entered into a contract in writing with Bunn & Allison for the purchase of certain amounts and varieties of wood, to be furnished by said Bunn & Allison to defendant. That said agreement was in words and figures, as follows, to-wit: 'Stevenson, Alabama, November 23d, 1898. We agree to furnish A. L. Dalton 10 or 12 cars of 4 ft. wood a week, ash, oak, hickory, mulberry at $1.50 per cord f. o. b. cars Crow Creek or Stevenson, and A. L. Dalton agrees to pay for same every Saturday until the 20th of January, and we agree to furnish a thousand cord in this time. W. Y. Bunn & T. F. Allison.

Recd. of A. L. Dalton ten dollars on the above contract. [Signed] W. Y. Bunn & T. F. Allison.'

"And defendant alleges that he entered into said contract in good faith and has at all times stood ready to comply with his part of the agreement, but he alleges that the said Bunn & Allison failed and refused to comply with their part of the contract in this, that they did not furnish the defendant either the amount of the wood specified in the contract, to-wit, 10 to 12 cars per week, nor the quality of the wood specified in the agreement, but on the contrary furnished wood of a mixed variety, including some oak, ash, hickory and mulberry but also a large quantity of sweet gum, elm, hackberry sycamore and iron wood. That by reason of said mixture of soft woods, named above, in the cars when delivered by plaintiff to defendant, the same became unsalable and of no value to defendant. That after the defendant discovered that the said cars were not loaded with wood as specified in the contract, he notified the plaintiffs not to ship any more such wood, and that after such notice plaintiffs continued to load said cars of wood, and that said defendant refused to accept the same on account of the wood not coming up to speci-

[Dalton v. Bunn & Allison.]

fications of the contract.   Defendant further alleges that he refused to accept cars numbered 22,263, 6,778, 736, 1,584, 26,132, 5,171, 5,260, 5,138; 22,429, 20, 28, 23,732, 6,372, 8,032, 5,863, 554, 11,392, before they were shipped, and that said cars of wood were never shipped to defendant and never received by him, and that he received no benefit from the same, in that they were not loaded with such wood as specified in the contract, and were unsalable.

"2.   Defendant for further special plea says, that at the time he entered into the contract set out in plea No. 1, he was engaged in a contract to furnish wood to the government for the use of United States troops, in the city of Huntsville, that the plaintiffs knew at the time of the making of said contract that the wood to be furnished to defendant was to fill defendant's said contract with the government officials; that defendant accepted and paid for such wood as came up to the specifications of the contract with plaintiffs, and at all times, and was willing and anxious to carry out his part of the agreement with plaintiffs; but defendant alleges that the plaintiffs failed to furnish such wood as was specified in the contract, and that by reason of such breach of the contract he was unable to sell the wood sued for and not paid for and was forced to buy wood from other sources to supply his contract with the government of the United States.   That defendant received and paid for all cars of wood as they were delivered until the receipt of cars numbered 9,382, 2,302, 2,495, 9,612, which was inspected by the government officials and rejected by them, after which rejection defendant notified plaintiffs not to ship any more wood.

"3.   For further special plea defendant says that plaintiffs breached their agreement with defendant in this, that they failed to deliver the number of cars per week as specified in the agreement, and that by reason of said breach defendant was unable to carry out his contract with the government of the United States and suffered great damage.

"4.   As further special plea defendant says that un-

12c

der his agreement with plaintiffs, they were to deliver to him salable and merchantable wood, and that plaintiffs failed or refused to deliver such wood in that it was not according to the specifications of the agreement, and could not be sold by defendant on the market.

"5. As further special plea defendant says, that some time soon after the defendant had notified plaintiffs not to ship him any more wood, to-wit, on or about January 1st, 1899, plaintiffs had a verbal agreement with defendant to the effect that the defendant should send a government inspector to inspect such wood as was loaded on the cars at Stevenson, Alabama, or Crow Creek, Alabama, and that defendant would take all such wood as would be accepted by the said inspector, at the agreed price at $1.50 per cord; that defendant should have reasonable time to attend to some other matters and return to Stevenson, and that he would then have the inspector to inspect the wood, that before the defendant could return to Stevenson, plaintiffs had filed suit and that defendant could not carry out his agreement for the acceptance of such inspected wood.

"6. As further special plea defendant says, that plaintiffs have broken their agreement, in that they neither furnished the amount or the quality of the wood demanded by the contract, and that by reason of such breaches he refused to accept any wood after said breaches."

The plaintiffs' demurrers filed to each of the special pleas were sustained. Thereupon the defendant filed the following amended pleas: "1. The defendant alleges that upon the 23d day of November, 1898, through W. L. McLendon, his agent, he entered into a contract in writing in words and figures as follows, to-wit: 'Stevenson, Alabama, Nov. 23d, 1898. We agree to furnish A. L. Dalton 10 or 12 cars of 4 ft. wood a week, ash, oak, hickory, mulberry at 1.50 per cord f. o. b. cars, Crow Creek or Stevenson, and A. L. Dalton agrees to pay for the same every Saturday, until the

20th of January, and we agree to furnish a thousand cord in this time.    W. Y. Bunn & T. F. Allison. Recd. of A. L. Dalton ten dollars on above contract.
[Signed] W. Y. Bunn & T. F. Allison.'

"Defendant alleges that he entered into said contract in good faith and has stood ready to comply with his part of the agreement, but said Bunn & Allison failed and refused to comply with their part of said contract, in that they did not furnish defendant 10 or 12 cars 4 ft, wood a week, ash, oak, hickory, mulberry, at $1.50 per cord f. o. b. cars Crow Creek or Stevenson by the 20th of January, 1899.    By which failure and default on part of plaintiffs, defendant suffered damages to the amount of $1,000.    Defendant avers that the plaintiffs under said contract delivered according to the terms of the same thirty-seven car loads of wood, each car according to the contract price being worth to plaintiffs $18.12 aggregating $675.22, said wood being delivered at Crow Creek or Stevenson.    The defendant avers that contrary to the terms of the contract, plaintiffs loaded said cars refused by him with large quantities of sweet gum, elm, hackberry, sycamore, iron wood and other soft woods, which said mixture of said woods with the wood of the kind provided in the contract made the whole of said cars of wood unsalable upon the wood market, being unmerchantable wood: And which said wood refused, was never received by defendant from the railroad.

"2.   For further special plea defendant says that under said contract the plaintiffs were to deliver to defendant 1,000 cords of 4 ft. wood, containing, oak, ash, hickory, and mulberry, and that the plaintiffs only delivered 450 cords of wood under said contract, by which failure and default on part of said plaintiffs, the defendant suffered damages in an amount not less than $1,000.

"3.   For further special plea defendant says that plaintiffs failed and refused under said contract to deliver 10 or 12 cars of 4 ft. wood per week, ash, oak, hickory, mulberry at $1.50 per cord, f. o. b. Crow Creek or Stevenson, to defendant, by which failure and default upon the part of plaintiffs, defendant was injured

[Dalton v. Bunn & Allison.]

and damaged to the amount of $250 each week up to January 20th, the time of the expiration of said contract.

"4. For further special plea defendant says that the plaintiffs did not deliver to defendant at Crow Creek or Stevenson 10 or 12 cars of 4 ft. wood a week, ash, oak, hickory, mulberry, at $1.50 per cord f. o. b. and that by reason of said failure and refusal, defendant was damaged and injured by inability to comply with a contract that he had made with the United States government to furnish wood to the amount of $1,000 up to and including the 20th day of January, 1899, the date upon which said contract expired.

"5. For further special plea defendant says that he notified the plaintiffs that the cars of wood being shipped to him did not contain 4 ft. wood ash, oak, hickory, mulberry, as provided for in said contract.

"6. And for further plea, defendant says that said plaintiffs have failed to comply with their contract, as set forth in plea 1, in this, as follows: that said plaintiffs failed to furnish defendant 10 or 12 cars of four feet wood a week, ash, oak, hickory, mulberry at $1.50 per cord f. o. b. Crow Creek or Stevenson, between the 23d day of November, 1898, and the 20th of January, 1899, and that by reason of said failure the defendant was injured and damaged in the sum of $1,000."

The plaintiff moved to strike the amended special spleas from the file. The court sustained said motion as to the 2d, 3d, 4th and 5th pleas and ordered them stricken from the file. Thereupon, the plaintiff filed demurrers to the amended special pleas numbered 1 and 6. Among the grounds of demurrer to the amended special plea No. 1, were the following: 1. The averment in said plea that plaintiffs refused to comply with their part of said contract in that they failed to furnish the defendant so many cars of wood of the quality therein specified per week, by the 20th day of January, does not show that the said defendant has thereby suffered any damages.

2. The averment shows that while the defendant

stood ready to comply with his part of the agreement, yet it does not appear that he did comply with his agreement in paying for the wood which was delivered on the Saturday following such delivery.

3. The averment in said plea that the cars which were delivered other than the thirty-seven cars of wood were loaded with soft woods, rendering said wood unsalable, states a conclusion merely, and does not show that said wood could not be sold or marketed.

4. It does not appear that the rejection of said cars of wood, other than the thirty-seven cars was made known to the plaintiff and within a reasonable time thereafter.

5. Said plea does not show wherein plaintiffs failed to comply with their contract to deliver defendant one thousand (1,000) cords of wood f. o. b. cars Crow Creek or Stevenson by the 20th of January, 1899.

6. Said plea does not show wherein defendants suffered damage by the alleged failure of the plaintiffs to furnish ten or twelve cars per week by the 20th of January, 1899.

7. It does not appear from said plea how many cars or number of cords of wood plaintiffs failed to deliver under said contract.

The demurrer to the amended special plea No. 6 was upon the following grounds: 1. No issuable facts are set forth in said plea showing that the defendant was damaged by the reason of the failure of plaintiffs to furnish the wood according to the terms of said contract. 2. Said plea does not set forth with sufficient clearness any alleged breaches of said contract by plaintiffs. 3. Said plea does not show wherein plaintiffs failed to furnish the amount or quality of wood required by the contract. These demurrers were sustained.

On the trial of the cause there was judgment rendered for the plaintiff fixing his recovery at $475; but it is unnecessary to set out the facts of the case in detail.

From the judgment in favor of the plaintiff the de-

fendant appeals, and assigns as error the rulings of the court upon the pleadings and the rulings upon the evidence.

W. B. BANKHEAD, for appellant.—The court erred in sustaining the demurrers to the defendant's special pleas. It was incumbent upon the plaintiffs to fulfill the essential precedent conditions of the contract, to-wit: 1, Delivery of the quantity; 2, quality; 3, to have the wood delivered within the specified time. These were certainly the moving considerations of the contract, and failure upon the part of plaintiffs to meet them, released defendant from further compliance.— 3 Amer. & Eng. Ency. (1st ed.), 911; *McFadden v. Henderson,* 29 Southern Rep. 640; *Worthington & Co. v. Gwin,* 119 Ala. 44; *Johnson v. Allen,* 78 Ala. 387.

The court erred in sustaining the motion to strike from the file the demurrers to the 2, 3, 4, and 5 amended special pleas. The plaintiff should have been put to demurrers to test the sufficiency of such pleas. These amended special pleas were not frivolous on their face, were interposed in good faith, and were improperly stricken on motion.—*Powell v. Crawford,* 110 Ala. 294; *Brooks v. Ins. Co.,* 125 Ala. 615; *Lindsey v. Morris,* 100 Ala. 500.

The trial court erred in sustaining the demurrers to the amended special pleas.—3. Amer. & Eng. Ency. of Law (1st ed.), 911; *Burkham v. Daniel,* 56 Ala. 604; *Worthington & Co., v. Gwin,* 119 Ala. 44; *Johnson v. Allen,* 78 Ala. 387; *Cotton v. Cotton,* 75 Ala. 345; *Berry v. Nall,* 54 Ala. 446.

COOPER & FOSTER, *contra.*—*L. & N. R. R. Co. v. Hall,* 87 Ala. 708; *Owings v. Binford,* 80 Ala. 421; *Phoenix Ins. Co. v. Moog,* 78 Ala. 284; *K. C. &c. R. R. Co. v. Higdon,* 94 Ala. 286; *Taylor v. Corley,* 113 Ala. 580; *Smith v. Heinman,* 118 Ala. 195; *Coghill v. Kennedy,* 119 Ala. 641; *Tutwiler v. McCarty,* 121 Ala. 356.

DOWDELL, J.—This is an action in assumpsit. The complaint contains only common counts—1st, on open

[Dalton v. Bunn & Allison.]

account; 2d, on account stated; 3d, for goods, wares, and merchandise sold to the defendant. The defendant pleaded the general issue, and six special pleas. Demurrers were sustained to the special pleas, after which the defendant filed six amended special pleas. Those of the amended special pleas numbered 2, 3, 4, and 5, were stricken on motion of the plaintiffs, and demurrers were sustained to numbers 1 and 6. These special pleas both as originally filed and as amended attempted to set up in defense of plaintiff's action an express contract between the parties and a breach of the same by the plaintiffs. In none of these special pleas, is the cause of action as laid in the complaint denied, and as a defense to the action they are in other respects fatally defective for want of proper averments. That a party may not purchase and retain the goods of another, and when sued for their value set up a breach of contract in the sale and purchase to defeat payment, is a proposition of law too well settled to call for discussion or citation of authorities. To permit such would be in disregard of the plainest principles of common justice. The purchaser may, however, where there is a special contract of sale, and the contract has been breached by the seller, to the injury and damage of the purchaser, set up the contract and its breach and the damages sustained resulting as a proximate consequence of such breach, by way of recoupment to the claim for the value of the goods. In the present suit the defendant did not by his pleas undertake to do this, but sets up a contract and its breach as a bar to plaintiff's right of action. The suit here is not one as appellant's counsel seems to think, of an action on an express contract to recover damages for its breach, and to such effect are the cases and authorities cited in brief of counsel, but is an action on the common counts for goods, wares and merchandise sold, the measure of damages being the value of such goods. The special pleas were otherwise defective as to indefiniteness and uncertainty in their averments, and open to some of the grounds of demurrer in that respect. Those numbered from 2 to 6, inclusive, are so palpably wanting in necessary averments to constitute a defense to plaintiff's

action, as. to require no particular comment in pointing out their defects. There was no error in sustaining the demurrers to the special pleas both as originally filed and as amended.

As shown by the bill of exceptions, the court on motion of the plaintiffs struck from the files amended special pleas 2, 3, 4, and 5, to which ruling of the court, the defendant duly excepted. Unless it can be said of these pleas, that they were either frivolous, irrelevant, or prolix, then the court erred in striking them on motion, and this we think cannot be said. They are not prolix, and if it were intended to plead a set-off, or to set up a claim by way of recoupment, against the plaintiff's demand, as the averments of some of them seem to indicate, though defective, they could not be considered as either frivolous or irrelevant. The sufficiency of a plea must be tested on demurrer. By demurrer the defects are pointed out, affording the pleader an opportunity to cure the same by amendment, and of this he is deprived by a motion to strike. See *Troy Fertilizer Co. v. State of Ala.*, 134 Ala. 333; 32 So. Rep. 618; *Brooks v. Continental Ins. Co.*, 125 Ala. 615; *Murphy v. Farley*, 124 Ala. 279; *Williamson v. Mayer*, 117 Ala. 253; *Ala. Great So. R. R. Co. v. Clark*, 136 Ala. 450; Code, § 3286.

There are other assignments of error relating to the rulings of the court on the admission of testimony, but as no notice is taken of these assignments in argument and brief of counsel, they will be regarded here as having been waived.

For the error pointed out, the judgment will be reversed and the cause remanded.