# James Gibbony *et als.* *v.* R. W. Wayne & Company.

## *Action of Assumpsit.*

1. *Contract for sale of goods; acceptance of part of goods renders purchaser liable.*—Where a contract is made for the sale of a certain quantity of goods if the purchaser accepts and retains a part of said goods, which is delivered to him in part performance of said contract, he is, in the absence of any stipulation to the contrary, under legal obligation to pay for such goods so delivered and accepted.

2. *Recoupment; claim sought to be recouped must be owned by defendant.*—In an action to recover the price of goods, a counter claim to be available to the defendant in recoupment or as a set-off against the plaintiff, must generally be owned by him in absolute right, and, therefore, an agent, who is liable on the contract of sale sued on, though made for the benefit of his principal, by reason of not having disclosed his agency, cannot avail himself by either set-off or recoupment of a claim his principal could have against the plaintiff.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. S. ANDERSON.

This action was brought by the appellees against the appellants to recover the price of certain cross-ties delivered by the plaintiffs to the defendants and accepted by them. The complaint as originally filed contained two counts. The last count contained the usual allegations under the common counts for an amount due upon an account and for goods, wares and merchandise sold to the defendants. The 2d count set out the contract which was made by virtue of a proposition made by plaintiffs to the defendants to supply them with not less than 3,000 cross-ties of certain dimensions at 35 cents each, agreeing to deliver the same alongside a vessel at Mobile not later than June 4th, 1900, and the acceptance of said proposition by the defendants on May 26, 1900. The second count, after setting out said proposition and

its acceptance, then averred that the plaintiffs delivered and the defendants accepted and received 1,356 of the said ties, which they had refused to pay for. A demurrer to the second count of the complaint was sustained.

To the first count the defendants pleaded the general issue and several special pleas. The 2d, 3d, 4th and 10th special pleas were in words and figures as follows:

"2. That the said several sums of money alleged by plaintiffs to be due to them from said defendants in said first count are for the price and value of certain thirteen hundred and fifty-six cross-ties which were delivered by the said plaintiffs to said defendants on to-wit: June 4th, 1900, and arose out of no other transaction whatever; and defendants aver that said plaintiffs did on to-wit, May 26, 1900, make and enter into a certain contract in writing with said defendants, which is in words and figures as is set forth and averred in the second count of said complaint, (and defendants aver that the said contract for the purchase of the said ties was by these defendants entered into as agents for F. Benemelis & Company who were operating the said steamer which was to sail from Mobile on or about June 4th, the time named in said contract for the latest delivery of the said ties and were for shipment in and upon such a steamship as was all well known to the plaintiffs, and that plaintiffs by their said contract therefor undertook and promised to deliver the said number of ties in said contract stipulated for unto these defendants as such agents); and defendants aver that said defendants in consideration of the plaintiffs' said promise to deliver the said specified number of ties within the said specified time which were both material elements of the contract, and well known to be, agreed to pay for same upon delivery; and defendants aver that the said plaintiffs though often requested to do so, did neglect to so deliver to the said defendants three thousand all heart sawn ties within said time alongside vessel as they had expressly promised to do, and aver that they were notified to deliver the same alongside vessel, and aver that they delivered only thirteen hundred and fifty-six of said ties, and neglected and refused to deliver the other six-

teen hundred and forty-four ties of said three thousand agreed to be delivered within said time, and thereby broke their said contract and obligation.

"3d. For further plea to said first count of said complaint, defendants aver as is averred in the above and foregoing plea, and further aver, that all of the matters therein alleged were then and there well known to plaintiffs, and aver that after delivery of part of said ties, the said plaintiffs refused and neglected to deliver the residue thereof, (whereby and wherefore the said F. Benemelis & Company for whom and as whose agent, as was all well known to plaintiffs, these defendants were acting, were in order to obtain the rest and residue of said three thousand ties, compelled to purchase the same elsewhere); and defendants aver that the same were not purchasable in Mobile at the time of said sailing of said vessel, but had to be purchased for delivery to said vessel at another American port on the Gulf of Mexico, at which she had touched for further cargo, at and for the price of fifteen dollars per thousand superficial feet, whereby in the purchase of the same was necessarily expended the sum of two hundred and twenty-one dollars in excess of the contract price at which the plaintiffs undertook to furnish them.

"4th. Defendants for further plea to said first count of said complaint aver as is averred in the first special plea hereinabove written; and further aver that the said plaintiffs broke and failed to perform their said undertaking within the time specified so that the said steamer for delivery to which, the said undertaking was entered into sailed without said ties, (and said Benemelis & Co., for whom and as whose agent said ties were contracted for as was well known to plaintiffs, in order to supply said ties which said plaintiffs had promised and agreed to supply and had failed to supply under said contract, was obliged to purchase them elsewhere and pay therefor a greater sum in procuring other ties to supply the amount not furnished by plaintiffs under their agreement, to-wit, the sum and price of about eight hundred and sixteen dollars which was greater by two hundred and twenty-one dollars than the amount at

which said defendants had by said contract agreed to supply said ties, which they failed and neglected to supply.)"

"10th. And for further plea defendants aver that the transactions sued on arose out of the contract set up in plea 7th, and that the plaintiffs delivered on or before the 4th day of June, 1900, no more than thirteen hundred and fifty-six ties, and refused and failed then and there to complete the delivery of the remaining sixteen hundred and forty-six, and the ties as delivered having been laden into a steamship about to sail, they could not without heavy loss and delay be restored and unladen, wherefore defendants could not without loss return them and hence did not, and as defendants are advised and plead no assumpsit arose in behalf of plaintiffs for said transaction."

The plaintiffs moved to strike from the 2d, 3d, and 4th pleas, the portions thereof which are within the parentheses in each of the pleas as above copied, upon the ground that said pleas show that the defendants contracted in writing in their own name, and not as agents, and because such portions of the said pleas are contradictory to other portions of said pleas. Each of these motions was sustained.

Thereupon the plaintiffs separately demurred to each of the 2d, 4th and 10th pleas upon the following grounds: 1. That each of the said pleas admits the delivery to the defendants of 1,356 cross-ties, and fails to show that defendants had paid for them. 2. That neither of said pleas denies that the defendants accepted the 1,356 cross-ties delivered by the plaintiff, and each of them fails to show that defendants returned or offered to return the cross-ties so delivered to them by plaintiffs. These demurrers were sustained. The defendants also filed special pleas, Nos. 5, 6, 7, 8 and 9, in which they averred at length the making of the contract by the plaintiffs with the defendants to furnish not less than 3,000 cross-ties, and guaranteed to deliver them alongside of vessel on June 4th, 1900; that they delivered only 1,356 cross-ties at the time designated; that the defendants were unable to procure other cross-ties before it was necessary

for said vessel to sail; and that at another port where said vessel stopped, F. Benemelis & Company, the defendants' principals, procured the remainder of the said 3,000 cross-ties so contracted to be supplied by the plaintiffs, but at a cost much greater than the sum at which plaintiffs had agreed to furnish them, and were required to pay $221.00 more for them than if the plaintiffs had furnished them according to their contract; that while said contract was made by the plaintiffs with the defendants personally, yet defendants were representing said F. Benemelis & Company, and were their agents, and the defendants were entitled to look to them for reimbursement to the extent of recovery against them; and that therefore the sum of $221.00, which the defendants' principals were required to pay in excess of the contract price with plaintiffs for the cross-ties they purchased to make up the number of 3,000, should be deducted from the value of the ties, which the plaintiffs supplied to the defendants, and the defendants, therefore, offered to recoup said sum against the claim of the plaintiffs.

To each of the 5th, 6th, 7th, 8th and 9th pleas, the plaintiffs demurred upon the following grounds: 1. Each of said pleas admits the delivery by plaintiffs and acceptance by the defendants of 1,356 ties, and fails to show that defendants have paid for them, or have returned or offered to return said ties. 2. Each of said pleas fails to show that the defendants owned at the time of the bringing of the action the cause of action sought to be recovered as a set-off or recoupment, and each of said pleas fails to show that the defendants had the right to recoup the damages as set forth in said pleas. Each of these demurrers was sustained.

On the trial of the case it was shown that the plaintiffs delivered to the defendants 1,347 ties, which the defendants accepted and which were carried from Mobile in the vessel to which the delivery was made.

Under the opinion on the present appeal, it is unnecessary to set out in detail the facts in the case.

The court in its general charge to the jury, among other things, instructed them as follows:

[James Gibbony, *et al.* v. R. W. Wayne & Company.]

"If you believe that the plaintiff delivered thirteen hundred and forty-seven cross-ties and that the defendants knew that they would not get all, when they did ascertain that they would not get all that were covered by the contract, they could not take those which they had received and loaded on the vessel, away without paying for them what they were reasonably worth."

The defendants separately excepted to this portion of the court's general charge, and also separately excepted to the court's refusal to give, among others, the following written charge, requested by them:

"A partial delivery under an entire contract does not entitle the party delivering such part to recover for the value of the part delivered unless the partial delivery be accepted and further delivery waived or the receiver be in a position to restore the goods received without loss or injury to himself, after the default of the party who had undertaken to make such entire delivery." There were verdict and judgment for the plaintiffs, fixing their recovery at $528.65.

The defendants appeal and assign as error the rulings of the court upon the pleadings, and the many other rulings of the trial court, to which exceptions were reserved.

PILLANS, HANAW & PILLANS, for appellants.—The contract between the parties is an entire contract and not a separate one.—*Wright v. Turner*, 1 Stew. 29; *Petigrew v. Bishop*, 3 Ala. 440; *Wolf v. Parham*, 18 Ala. 449; *Thomas v. Trout*, 4 Ala. 108-9; 59 Am. St. Rep., 277, note.

The plaintiffs unjustifiably defaulted in performance, though a steamship was provided by defendants, as was contemplated, wherefore plaintiffs could not sue, as upon a contract fully executed by them, for the price or value of the goods delivered.—*Martin v. Massie*, 127 Ala. 504; *Catlin v. Tobias*, 26 N. Y. 217.

Benemelis & Company, defendants' principals, though undisclosed in the written contract, were in complete privity with the contract which was made for them by defendants as their agents, and had made for them by

20

[James Gibbony, *et al.* v. R. W. Wayne & Company.]

defendants as their agents, and had full right to enforce the same and to sue plaintiffs for the breach, whenever they suffered or shall suffer pecuniary loss.—*Bell v. Reynolds,* 78 Ala. 511; *McFadden v. Henderson,* 128 Ala. 221; *Moore v. Barber Asph. Co.,* 118 Ala. 563. And upon the same principles the agents, Gibbony & Company, are entitled to full reimbursement, from their principals, Benemelis & Company, for whatever they may be adjudged herein to pay to plaintiffs.—*Darcy v. Lyle,* 1 Am. Lead. Cas., 523 and note; *Denny. v. Wheelright,* 60 Miss. 733-740 and authorities in brief and opinion.

Plaintiff's action is not upon the contract, but is a suit in assumpsit for what he in equity and good conscience ought to receive from the defendants. It is a highly equitable action which admits of equitable defenses. It is governed by no hard and fast rule of law, and it admits of any defense which shows that it would be inequitable for plaintiffs to recover. It is assimilated to a bill in equity and the true test is said to depend on whether or not the defendants can in equity and good conscience retain the money sued for, every defense being admitted to which defendants are entitled in equity and good conscience.—*Duncan v. Ware,* 5 S. & P. 121; *Dupuy v. Roebuck,* 7 Ala. 486; *Ewing v. Peck,* 26 Ala. 413; *Castleman v. Jeffries,* 60 Ala. 380, 391; *Rushton v. Davis,* 127 Ala. 279, 288.

R. T. ERVIN, *contra.*—All the pleas admitted that the contract was in writing and signed by the defendants in their own name; hence it could not be set up or shown that they were acting as agents of Benemelis & Company. *Merrill v. Witherby,* 120 Ala. 429; *Bulwinkle & Co. v. Cramer,* 13 Am. St. Rep. 651; *Cream City Glass Co. v. Friedlander,* 36 Am. St. Rep. 657, 895; *Richmond Locomotive & Machine Works v. Morange,* 119 Ala. 80.

None of the pleas attempted to set up, nor did any of the evidence offered, tend to show that the claim of Benemelis was owned by defendants at the time this action was brought, or that they had any right to sue on it in their own names, or that Gibbony & Company ever suffered any damage.—*McCreary v. Jones,* 96 Ala. 595;

*Jones v. Blair* 57 Ala. 458; *Copeland v. McAdory,* 100 Ala. 559.

"If the delivery is of a quantity less than that sold, it may be refused by the purchaser; and if the contract be for a specified quantity to be delivered in parcels from time to time, the purchaser may return the parcels first received, if the latter deliveries be not made, for the contract is not performed by the vendors' delivery of less than the whole quantity sold. But the buyer is bound to pay for any part that he accepts, and after the time for delivery has elapsed, he must either return or pay for the part received, and can not insist on retaining it without payment until the vendor makes delivery of the rest."—*Woolf v. Parham*, 18 Ala. 449; *Davis v. Badders*, 95 Ala. 359; *Haralson v. Stein*, 50 Ala. 347; *Egan v. Johnson*, 82 Ala. 236; *Florence Gas Co. v. Hanby*, 101 Ala. 30; *Andrews v. Tucker*, 127 Ala. 612.

SHARPE, J.—In the absence of stipulation to the contrary, one who voluntarily accepts and retains goods sold to him and delivered in part performance of a contract is under legal obligation to pay for such goods, and though in a suit to enforce that obligation he may recoup damages sustained by him from any breach of the contract occasioned by the seller, he is not entitled to set up such breach in bar of the suit.—*Dalton v. Bunn,* 137 Ala. 175; *Watson v. Kirby*, 112 Ala. 436; Benj. on Sales, 690. This principle justifies the disposition, made in the trial court, of pleas 2, 3, 4 and 10.

A counter claim to be available in an action against the claimant must in general be owned by him in absolute right.—*Jones v. Blair*, 57 Ala. 457; Waterman on Set-Off, (2d ed.) 47; *Forney v. Shipp,* 49 N. C. § 527; *Wood v. Davis,* (Super. Ct.) 15 N. Y. Supp. 554; *Proctor v. Cole,* 104 Ind. 373. Variations of this rule may be allowable for the enforcement of certain equities existing in favor of a defendant and which would be otherwise irremediable, as to which see *Castleman v. Jeffries,* 60 Ala. 380; *Cosgrove v. Cosby* 89 Ind. 511; *Carter v. Compton,* 79 Ind. 37; *Brewer v. Norcross,* 17 N. J. Eq. 219. The damages sought to be recouped by pleas 5, 6,

7, 8 and 9, respectively, are averred as having been sustained not by defendants, but by their alleged principals, Benemelis & Co., who are strangers to this suit, and who for the purpose of these pleas must be regarded as strangers to the alleged contract. For such purposes, the pleas of recoupment have effect to admit that the contract was made with' the defendants in their personal capacity regardless of whether their alleged agency was disclosed in the making of the contract.—Waterman on Set-Off, (2d ed.) 710. To this phase of the case is applicable the authority of *Wood v. Davis*, and *Forney v. Shipp, supra*, and also the principle declared in Waterman on Set-Off, § 47,wherein it is said, "when an agent is liable on a contract made for the benefit of a third person by reason of not disclosing his agency, he can not avail himself of a debt due by the plaintiff to such third person as a set-off." Because of their failure to show the claim of damages averred in the pleas last mentioned belonged to defendants those pleas were subject to the demurrer.

The court's action in the giving of oral instruction to the jury and in refusing requested charges was in harmony with what has been said above and was free from error, and the same is true of the rulings on matters of evidence.

Affirmed.

### *Action of Assumpsit.*

