(121 So. 59)

**A. P. CARRICO & SON v. J. E. DUVAL PRINTING CO. (1 Div. 542.)**

Supreme Court of Alabama. March 21, 1929.

Gordon; Edington & Leigh, of Mobile, for appellee.

Smiths, Young & Johnston, of Mobile, for appellant.

BOULDIN, J. ▮ The complaint is in one count, claiming of defendants "the sum of $349.10, balance due from them by account on or about the 19th day of January, 1927," etc. The demand sued upon grows out of a contract in writing between plaintiff and defendant for job printing, The printers undertook to furnish programs for use of a Lyric Theater, with covers of special design in colors, from week to week. By the terms of the contract 2,500 programs were to be delivered each week; the price of each weekly delivery being $35, "payment for programs to be made on the 15th of each month succeeding publication." It clearly appears this clause, as understood and acted upon by the parties, contemplated that the price of the several deliveries made in January should become due and payable February 15th.

The suit was brought on January 22, 1927. The demand included four deliveries for that month. Judgment went for full amount. In this was error. There could be no recovery in this suit for installments maturing after suit brought. Default in payment when due was part of plaintiff's case. The general issue cast this burden on them. Outcault Advt. Co. v. Hooten & Co., 11 Ala. App. 455, 66 So. 901.

▮ That a controversy arose two days before suit brought, resulting in an abandonment of further operations under the contract, did not render these installments due, no matter who was at fault in the controversy, in the absence of a stipulation maturing these

installments. Bradford v. Marbury, 12 Ala. 520, 46 Am. Dec. 264, 24 R. C. L. p. 95, § 362.

■ Nor does suing out of garnishments in aid of a pending suit under Code, § 8052, authorize the inclusion of these installments. It is not a case of original attachment issued upon statutory grounds and upon demands due or to become due. For this error the judgment must be reversed. Many other questions were raised on the trial and argued on this appeal.' We deal with them in so far as deemed helpful on another trial.

■ The action can be maintained on the common counts. Although arising under special contract, when it is fully executed on the part of the plaintiff as for the demand in suit, and nothing remains but to pay, suit may be brought on the common counts. The contract is evidence of amount due. Beadle v. Graham. 66 Ala. 99; Stafford v. Sibley, 106 Ala. 189, 17 So. 324; Abercrombie v. Vandiver, 126 Ala. 513, 28 So. 491.

■ That the contract was executory in the sense of being a continuing one calling for future deliveries and payments does not change the rule. The test is, Has the contract been fully performed as to the items sued for, and have the installments become due and payable?

■ Nor is the recovery on the common counts limited to deliveries coming up to contract. If they are accepted, the value may be so recovered. The defendant can plead breach of the contract by way of recoupment, and, if proven, reduce the recovery to the reasonable value of the product delivered and accepted. Hartsell v. Turner, 196 Ala. 299, 71 So. 658; Dalton v. Bunn & Allison, 137 Ala. 175, 34 So. 841; Varner v. Hardy, 209 Ala. 575, 96 So. 860.

■ Nor does the fact, if it be a fact, that the plaintiff, two days before suit brought, breached the contract in such manner as to become liable in damages, defeat the action on common counts. This was properly set up by way of recoupment or cross-action.

■ That plaintiff had certain cuts and dies of defendant, which it was his duty to deliver on termination of the contract, does not affect the form of action for installments already accrued and due to be paid.

■ This contract is one for the manufacture and delivery of articles sold, and governed by the law of such transactions rather than the law of entire contracts for personal services. Gibbony v. R. W. Wayne & Co., 141 Ala. 300, 37 So. 436; Manchester Sawmills Co. v. Arundel Co., 197 Ala. 505, 73 So. 24; Dalton v. Bunn & Allison, 137 Ala. 175, 34 So. 841.

■ Dealing, now, with the item of $155.60 claimed for the last run of covers: The price for making these covers for programs was to be paid on the completion of each run. It was contemplated that, when printed or run off as per order, they should remain in possession of 'the printer and be used as covers of programs to be delivered from week to week.

When the controversy arose and plaintiff suddenly refused further performance, many of the last run remained with the printer and were never turned over to defendant. Some questions arise as to these. If they were so off-color and defective as not to conform to the contract, and had not been accepted by the defendant, recovery therefor cannot be had. The original sample from which these covers were to be made and one of these covers of the third or last run are sent up for inspection. If the latter is a fair sample of the entire run, then we hold there was not a' compliance with the contract, and defendant was free to reject them.

The beauty of the blue water and general effect of the lake scene were manifestly a material element of value for the purpose intended. The cover made by plaintiff is so off-color as to greatly spoil the scene. It is not an excuse that the paper agreed upon and used did not admit of such effects, or that it would require too much ink. It is for the party who undertakes a job peculiar to his trade to know whether he can do the job as contracted. Whether the sample sent us is a fair one we do not consider. This is for the trier of fact below.

There is direct conflict as to the cause of plaintiff's abandonment of contract. We do not pass upon the weight of evidence in this regard. If, as claimed by defendant, he made a payment directing it to be applied on program account, and plaintiff demanded its application on cover account, and this was the controlling cause of plaintiff ordering defendant from his office and declining to go further, this was a breach of contract rendering him liable on plea of recoupment for proximate damages resulting therefrom.

■ Defendant's right to direct application of payment at the time it was made is not subject to question. If, however, defendant being largely in arrears failed or refused to make payments due so that plaintiff had cause to believe he would not be paid, it was his right to refuse to go further.

■ Dealing, now, with liability for these last covers, one question is: Were they ever accepted by defendant? There is some evidence that for several weeks defendant had received and accepted programs with this cover. As a matter of inference this presents the issue of acceptance of the whole, if of like quality, notwithstanding the residue remained in the hands of the printer for use according to contract. If so accepted, defendant would be liable for the price, or, if defective, their reasonable value, unless by later conduct plaintiff forfeited such right.

■ If plaintiff refused to turn over these covers after ending the contract, he could not recover for those undelivered; but, if demand in writing was made for the plates and dies of defendant, which were thereupon delivered, and defendant was entirely silent as to these covers, plaintiff would not forfeit any de-

mand which had already accrued to him. therefor, if he was ready to deliver them.

Some issue was presented as to a modification of the contract as relates to payment for extra number of programs; so changed that these should be figured on average deliveries per week. A superintendent authorized to negotiate and sign a contract has implied authority to modify such contract. While executory mutual assent, without further consideration, is sufficient to effect such modification, whether authorized in the first instance or not, if such change was knowingly approved and acted upon in sending out and collecting bills, this was sufficient.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.