23 So.2d 392

### WAYNE PUMP CO. v. HARRISON.
### 4 Div. 356.

Supreme Court of Alabama.

May 10, 1945.

Rehearing Denied July 26, 1945.

Further Rehearing Denied Oct. 11, 1945.

Powell, Albritton & Albritton, of Andalusia, for appellant.

E. O. Baldwin, of Andalusia, for appellee.

BROWN, Justice.

General assumpsit by the appellee against appellant on the common counts, on account and for work and labor done. Defendant pleaded the general issue in short by consent with leave to give in evidence any matter that would support special defenses if pleaded, with like leave to the plaintiff to reply.

The work and labor performed by the plaintiff was as sales agent of the defendant's products and goods in the territory covering part of South Alabama and North Florida under special contracts for the years 1935, 1936 and 1937. Compensation for services, as provided in said special contracts, was commissions on sales ranging from ten to twenty-five per cent on designated articles, eighty-five per cent of which was payable when orders were taken and delivered to the home office and accepted by defendant, and fifteen per cent was designated as reserve commissions. The appellant kept the books and made monthly reports to the appellee. Payments of commissions by the appellant to the salesman were to be made four times a year and the reserve commissions were payable at the end of each year where the accounts of the customers out of which said commissions arose had been liquidated.

The evidence in the case consisted of the testimony of the plaintiff; the several statements of account which he received, two of which were missing; the depositions of E. J. Gallmeyer, General Sales Manager and Vice President of the defendant corporation; Forrest A. Roe, Account Manager of the Accounting Department of the defendant corporation; E. H. Seaman, "Legal Correspondent Assistant Claim and Commission Manager and Manager of Collection Department" of the defendant corporation; the several contracts relating to the plaintiff's employment, and statements and duplicate statements of accounts made by the defendant to plaintiff in the course of said employment.

The plaintiff's testimony goes to show that the defendant was indebted to

him in the sum of $1,547.54 on open reserve account and $61.44 on current account when defendant terminated the contract of employment; that the accounts of all customers on which reserve commissions were unpaid, except possibly one, were liquidated by February 2, 1940, and that defendant made up a statement showing a detailed status of the account and sent same to plaintiff as of that date. The evidence, however, was susceptible to adverse inferences developed on cross-examination, and by defendant's evidence, presenting a case for jury decision. Therefore, the affirmative charge for the defendant, requested on the ground that the evidence did not show that the accounts were due and payable before suit was brought, was properly refused. Carrico & Son v. J. E. Duval Printing Co., 219 Ala. 65, 121 So. 59; Standard Lumber Co. v. Hosmer, 225 Ala. 321, 146 So. 825.

The contract of 1937 between the plaintiff and defendant was terminated by the defendant by notice given as provided in the contract, which stipulated, that: "Upon termination of this contract by notice or limitation no final settlement or payment of commissions shall be made by the company to or with the salesman until the salesman has fully and finally accounted for and paid and delivered to the company all money, records, property and things of value, due from him or to be delivered by him to the company."

Appellant contends that this provision in the contract was breached by the plaintiff in not accounting for, paying and delivering to the company all money, records, property and things of value due from him or to be delivered by him to the company. This alleged breach constituted a special defense, the burden of proof resting upon the defendant to sustain this defense. To support this defense, the appellant insists that the evidence shows the defendant had in his possession at the time the contract was terminated certain computing gasoline pumps and equipment on which there was a net balance due from the customer of $446.26, and cash in the amount of $67.84 from sale by appellee of appellant's property, which he did not return or pay to defendant.

The evidence shows that said gasoline pump equipment was repossessed by the plaintiff as the agent of the defendant and by its express authority, before the termination of the contract, and stored in Andalusia as its property, and that the writ of attachment issued at the commencement of the suit was levied upon said property as the property of the defendant. The defendant by its unqualified appearance, and the plaintiff's failure to give bond, discharged the levy, confirming the ownership of the property. Code 1940, Tit. 7, § 849. The notice and demand made by defendant prior to the issuance of the attachment for the return to it of said property required the plaintiff to prepay the carrying charges, and the evidence shows that the plaintiff was under no obligation to make such payment to effect delivery of said property. The levy of the attachment issued on the plaintiff demanded at the commencement of the suit on said property was authorized by law, and this fact could not be pleaded as a defense to plaintiff's action.

As to the $67.84 the plaintiff testified that, when he was at the general office of the defendant in Fort Wayne, Indiana, and went over the accounts with defendant's manager, his tender of this money was refused. The plaintiff's testimony in this respect is not contradicted.

The special defense was not sustained by the evidence and the affirmative charge requested on that theory was well refused.

Evidence was offered by the parties as to the status of accounts running through the entire employment for three years and the question of the amount due was by the trial court left to the jury, and we are unable to affirm, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.

### On Rehearing

PER CURIAM.

The contract did not stipulate that delivery would be made to defendant at any certain place or in any certain manner. If plaintiff had in his possession at Andalusia the article taken up at the instance of defendant, there was no provision that plaintiff would do any certain act with reference to it except deliver it to defendant. Defendant could have received delivery at Andalusia, through an agent, so designated, and thereby plaintiff would have discharged

his duty. But defendant did no such act and did not offer to do so. The contract did not require plaintiff to go to the trouble and expense of preparing it for shipment, and carting it to the railroad, nor of paying any of such expense of delivery.

When plaintiff had the attachment levied on the property, it was a judicial admission by plaintiff that it belonged to defendant and was subject to levy and not in plaintiff's possession. Plaintiff was estopped to make any claim to the contrary. It amounted therefore to a delivery of the property into the possession of the court for defendant. It was not held by the court for plaintiff. When defendant appeared and caused the attachment to be released the property was then in possession of the sheriff for the court, and thereafter it was in his possession for defendant, who had the absolute right to direct its disposition. Plaintiff had no such right and then had no possession.

The debt need not have matured and become due at the time of instituting the attachment suit. But, of course, personal judgment could not be rendered until it did mature. Jones v. Holland, 47 Ala. 732; Ex parte Seals Piano & Organ Co., 188 Ala. 443, 66 So. 146. If it was not matured when the attachment was begun, then there was no act on the part of plaintiff which could thereafter mature it. The property was in custodia legis, and plaintiff could not make further delivery of it thereafter, for he never acquired possession thereafter. It was always held for defendant, and therefore it cannot be said that when the complaint was last amended and judgment rendered, the property was not in the possession of defendant. At that time it had been released from the attachment and held by the sheriff subject to defendant's direction.

Application overruled.

All the Justices concur, except GARDNER, C. J., who dissents.

GARDNER, Chief Justice (dissenting).

Upon reconsideration I feel impelled to the conclusion that the opinion heretofore rendered has not given force and effect to the terms of the contract entered into between the parties.

The form of this contract was evidently prepared by the Wayne Pump Company for its general use throughtout the country with its several agents or salesmen. It has in it many stringent regulations as to the sales-men, and its evident purpose was to throw full protection around the company. Counsel for the company insist that this character of contract, however much it may lean to the company's benefit, is absolutely necessary for the proper conduct of the company's business handled through so many different agents.

However that may be, there is no pretense of any fraud or deception, and in entering into the contract the parties dealt at arm's length. The courts have no right to remake the contract for the parties.

The suit is upon the common count. Although the cause of action arises under special contract, yet when it is fully executed on the part of the plaintiff and nothing remains but to pay, suit may be brought on the common count. The test is, "Has the contract been fully performed as to the items sued for, and have the installments become due and payable?" Carrico & Son v. J. E. Duval Printing Co., 219 Ala. 65, 121 So. 59, 61.

The contract is the evidence of the amount due as well as the due date. It is, in short, the law of the case.

The writer for consultation purposes, had written somewhat at length to demonstrate that under the terms of the contract indebtedness to amount here approved had not been established, and that the burden rested upon plaintiff to show a compliance with the various conditions therein set out. But as I stand alone in this disagreement, and for the sake of brevity, I have concluded to forego the discussion originally prepared and to rest content upon the statement that I am persuaded plaintiff has failed to meet that burden resting upon him.

But a still more serious difficulty stands in the way of plaintiff's recovery in any amount. The contract expressly provides there will be no payment of commissions until the salesman has fully and finally accounted for and paid and delivered to the company all money, records, property and things of value due from him, or to be delivered by him, to the company. In the letter of the company to the plaintiff, bearing date September 28, 1937, and dated from its Memphis, Tennessee, office, the defendant cancelled the contract, effective as of October 2, 1937, and asked for a return of all property of the Wayne Company in defendant's possession "express charges collect." On October 7, 1937, the company again wrote plaintiff from this office reminding him of the letter of September 28 and of

the request that he return all the property to the company, and stating that, as usual, he had not carried out their instructions, which was the cause of the cancellation of his contract. A prompt compliance was again requested. This letter made particular reference to the equipment sold to one Ross of DeFuniak Springs, Florida. From the undisputed proof plaintiff had repossessed the pump and equipment which he had sold to Ross, being valued at something over $400, and had the same in his possession at the time these letters were received. But he declined to comply with these requests, and the opinion excuses his noncompliance upon the theory that the defendant had no right to require that the express charges be prepaid. Such a conclusion is based upon a letter by the defendant to the plaintiff, bearing date December 21, 1937, demanding return of the property "transportation charges prepaid."

In the beginning it is true that the plaintiff was under no obligation to prepay transporation charges. But he was under a definite obligation to deliver the property to the defendant express charges collect, which he could have done and which he was requested to do. Certainly, a mere request that transportation charges be prepaid after the two previous requests to return the property "express charges collect" does not suffice to discharge the plaintiff from his obligation to return the property in some manner before he could demand settlement and payment under the contract. Indeed, by his failure to return the property after two requests therefor, the plaintiff might well have been considered as having in law converted the property to his own use. The letter of December 21st was more than two months after the last request. Instead of returning the property, appellee, after a period of three years, attached the same and secured jurisdiction for the trial of the cause.

I am therefore persuaded that under the undisputed evidence plaintiff is not to be excused from this contractual obligation, which was a condition precedent to the recovery of any commissions whatsoever.

The foregoing was written in answer to the original opinion of Justice Brown. But the majority, upon consideration of the cause in consultation, have adopted an entirely different theory, one heretofore not advanced in argument or by the author of the original opinion. As to this different theory, I am wholly unable to agree to such construction of the contract. It would serve no good purpose to discuss the matter further.

All requests for return of this property were entirely ignored. After keeping the property for three years, plaintiff brings suit and has attachment issued against the very property which he had refused to return. To my mind it is plain enough no delivery under the terms of this contract can be worked out on these undisputed facts. Certainly the parties did not intend that this feature of the contract as to delivery could be complied with by an attachment of the property. The delivery was to be to this defendant and not to any court. But I forego further discussion.

Entertaining the view that plaintiff in this case has prevailed in defiance of the terms of the contract, I feel impelled to respectfully dissent.