## In re change of Grade of Chatham Street. Appeal of City of Philadelphia.

*Road law—Damages for change of grade—Drainage—Constitution, article 16, section 8.*

Article 16, section 8 of the Constitution of 1874 is not limited to property abutting or fronting on the particular highway or improvement by the construction or enlargement of which the property is injured. It applies to any works, etc., that are sufficiently near to the property to make the injury proximate, immediate and substantial.

Property is injured where its drainage is materially affected.

Argued April 3, 1899. Appeal, No. 89, Jan. T., 1899, by the city of Philadelphia, from order of C. P. No. 4, Phila. Co., June T., 1896, No. 788, dismissing exceptions to report of viewers. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Exception to report of viewers.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to report of viewers.

*E. Spencer Miller*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellant.—Damages cannot be recovered for a change of grade of a street, by one whose easement of access thereto is only by a private way from a distinct property: Penna. Co. for Ins. on Lives v. Penna. Schuylkill Val. R. R. Co., 151 Pa. 334; Phillips v. Incline Plane Co., 166 Pa. 21.

A property owner must subordinate his rights in a natural watercourse to the ordinary modification of ground surface occurring within the territorial limits of a municipality: Bentz v. Armstrong, 8 Watts & Serg. 40; Leedom v. Young, 67 Pa. 351; Davidson v. Sanders, 1 Pa. Superior Ct. 432.

When a lot owner elects to improve by the construction of a building, he must inquire for the height and grade confirmed by the public authority for the street upon which his property abuts, and build in conformity thereto. If he ignores these plans and, as a consequence, incurs loss subsequently when the

street is open or graded, he cannot recover such portion of his loss as may be due to his disregard of the street level: Groff v. Phila., 150 Pa. 594; In re Forbes Street, 70 Pa. 125; Axford v. City, 46 Leg. Int. 6.

*Alfred Moore* and *Arthur Moore*, for appellees, were not heard, but in their printed brief said: The constitutional provision is not limited merely to property fronting or abutting on the particular highway or improvement by the construction or enlargement of which the property is injured, but applies to any works which are sufficiently near to the property to make the injury proximate, immediate and substantial: Mellor v. Philadelphia, 160 Pa. 614; Snyder v. Lancaster, 20 W. N. C. 185; Melon Street, 182 Pa. 397.

Property is "injured" when drainage is affected: Pa. S. V. R. R. Co. v. Ziemer, 124 Pa. 560; Chambers v. South Chester Borough, 140 Pa. 510.

When a street is opened at a grade that leaves the adjoining property in a depression, the expense of putting the property in condition to make use of the street is an element of damage: Patton v. Philadelphia, 175 Pa. 88; Dawson v. Pittsburg, 159 Pa. 317.

PER CURIAM, May 23, 1899:

This proceeding, by petition to the court below under the act of May 16, 1891, was for the purpose of assessing damages done to the petitioner's property, fronting on Gaul street, by reason of the change of grade of Chatham street.

Prior to said change of grade, petitioner's lots were drained, through two connecting alleys appurtenant to said lots, into Chatham street. The elevation of the grade on Chatham street rendered drainage into it impossible, and petitioner was thus compelled to provide other means of drainage.

There cannot be any question as to his legal right to compensation; and we cannot say that the amount awarded him is excessive. As to his legal right, etc., it is unnecessary to do more than refer to section 8 of article 16 of the constitution, and the act under which this proceeding was had.

The constitutional provision is not limited to property abutting or fronting on the particular highway or improvement, by

the construction or enlargement of which the property is injured. It applies to any works, etc., that are sufficiently near to the property to make the injury proximate, immediate and substantial: Mellor v. Philadelphia, 160 Pa. 614; In re Melon Street, 182 Pa. 397; Snyder v. Lancaster, 20 W. N. C. 185.

Property is injured when its drainage is materially affected: Railroad Co. v. Ziemer, 124 Pa. 560; Chambers v. South Chester, 140 Pa. 510. See also Patton v. Philadelphia, 175 Pa. 88, and Dawson v. Pittsburg, 159 Pa. 317.

There is nothing in either of the assignments of error that requires special notice. Neither of them is sustained.

The decree of the court below, dismissing exceptions to the report of the viewers, and confirming said report, is affirmed at appellant's costs, and its appeal is dismissed.