(76 South. 961)

## LOUISVILLE & N. R. CO. v. ORR.
### (8 Div. 997.)

(Supreme Court of Alabama.   Nov. 15, 1917.)

1. EMINENT DOMAIN ⬳141(1), 145(1) — DAMAGE TO LAND NOT TAKEN—MEASURE.

When suit is brought for resulting damages to property under Const. 1901, § 235, as distinguished from taking the property, plaintiff may recover the difference in the value of his land before and after the doing of the work, and if the value was thereby enhanced he cannot recover.

2. EMINENT DOMAIN ⬳145(1)—DAMAGE TO LAND NOT TAKEN—MEASURE.

In action for resulting damages to land not taken, the nature and character of the improvements made must be taken into consideration as an element of enhancement of value.

3. EMINENT DOMAIN ⬳145(3)—DAMAGE TO LAND NOT TAKEN—MEASURE.

Where railroad caused a street to be graded, placing plaintiff's lot above street level, with consequent damage, the erection of a station or other improvements in the locality could not be considered as enhancing the value of the property if not an integral part of the improvement.

4. EMINENT DOMAIN ⬳145(3) — DAMAGE TO LAND NOT TAKEN—MEASURE.

While the fact that the street was graded and improved by the changes made, instead of being muddy and impassable, as it had been before, could be considered as enhancing the value, though the erection of a depot and the double-tracking of the rails could not be so considered.

5. EMINENT DOMAIN ⬳204 — DAMAGE TO LAND NOT TAKEN—MEASURE—EVIDENCE—ADMISSIBILITY.

Evidence of the increase in value by erection of the depot and the double-tracking was inadmissible.

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

Action by J. B. Orr against the Louisville & Nashville Railroad Company. Judgment for defendant and order granting plaintiff's motion for new trial, and defendant appeals. Affirmed.

Eyster & Eyster, of Albany, for appellant. Sample & Kilpatrick, of Cullman, for appellee.

ANDERSON, C. J. This was an action by the plaintiff against the defendant for damages done to his lot as the result of excavating or grading Hickory street in the town of Hartselle. There was verdict and

judgment for the defendant, whereupon the trial court granted plaintiff's motion for a new trial, and this appeal is taken from the judgment so granting said motion. If, therefore, the trial court committed reversible error upon the trial, the judgment in granting the new trial must be affirmed.

[1-4] It seems to be well settled that when suit is brought for resulting damages to property as provided by section 235 of the Constitution, as distinguished from taking the property, for instance, by a lot owner for damages to his land resulting from the grading or excavation of the street, he is entitled to recover the difference in the value of his lot before and after the grading or excavating was done, and if the work complained of enhanced, rather than damaged, his land, he cannot recover, for the reason that he was not damaged, and in arriving at the damages and in fixing the value upon the property before and after the improvement, the nature and character of said improvements must be taken into consideration as an element of enhancement. Town of Eutaw v. Botnick, 150 Ala. 429, 43 South. 739. This does not, however, authorize the consideration of other improvements in the town or locality of the property, though made by the same defendant, as an element of enhancing the value of the property, which is not an integral part of the improvement producing the claimed injury. For instance, here the plaintiff claimed that the lot was damaged because the grade of the street was lowered. The defendant says: Yes; your lot was left several feet above the street, but instead of your lot being damaged, the street was so improved as to give you a graded and improved highway instead of the muddy and almost impassable one that you had. This would be an important factor to consider in arriving at the value of the lot just before and after the street was improved. The trial court, however, committed error in permitting the witnesses to consider other improvements that this defendant made about the time of grading the street in question, such as double-tracking its road, erecting depots, etc., as an element or circumstance in determining the value of plaintiff's lot or the damages suffered as a result of improving the street in question.

[5] The trial court erred in permitting the defendant to show by the witnesses that plaintiff's lot was enhanced in value by reason of the double track and improvements on defendant's right of way and the improved depot facilities near the property. The question was, what effect did the work upon the street—that is, the improvement of same—have upon the value of plaintiff's lot? and not what other improvements made by the defendant in that locality may have had upon the value of real estate in that immediate locality. It is needless to discuss the other questions in the case, as the error here suggested was sufficient to justify the action of the trial court in granting the new trial, and its judgment in doing so is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.