(77 South. 993)

HAUSMAN et al. v. BROWN. (8 Div. 676.)

(Supreme Court of Alabama. Feb. 7, 1918.)

1. INJUNCTION ⟶23—GROUNDS FOR DENIAL —VIOLATION OF LAW.

Where the owner of adjoining buildings in conveying one of them reserved the right to use hallways on an upper floor, and a balcony and stairway to which they led, and the balcony overhung the street, while its supports and the stairway obstructed the sidewalk so as to render the owner of the servient estate liable to prosecution and punishment for maintaining a nuisance, equity will not compel him to restore the balcony and stairway after tearing them away.

2. MUNICIPAL CORPORATIONS ⟶667—STREETS — OBSTRUCTIONS AS NUISANCES — "PUBLIC NUISANCE."

The placing or maintaining of a permanent obstruction on the sidewalk of a public street, such as a stairway and the supports of a balcony, is a public nuisance and a violation of law for which the person responsible can be indicted and punished.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public or Common Nuisance.]

3. ACTION ⟶4—GROUNDS OF ACTION—ILLEGAL CONTRACT.

Where the enjoyment of a right reserved in a deed to use a balcony and stairway involved a violation of·law, in that the balcony and stairway obstructed the street, no right to damages could arise from the removal of the stairway and balcony by the owner of the building.

4. LICENSES ⟶44(1) — IN RESPECT TO REAL PROPERTY—CONSTRUCTION OF RESERVATION.

Where the owner of adjoining buildings in conveying one of them reserved the right to use hallways on an upper floor and a balcony and stairway to which they led, the reservation created, not an interest in the soil, but a license

in the nature of an easement, which would be irrevocable as long at least as the servient building stood.

**5. INJUNCTION ☞9—GROUNDS—DEFENDANT'S INTENT.**

As respected a licensee's right to an injunction compelling the restoration of a balcony and stairway which obstructed the street, the motive of the owner of the building in tearing them away could have no controlling influence.

**6. INJUNCTION ☞9—GROUNDS FOR DENIAL—VIOLATION OF LAW.**

That the obstructions had been allowed to remain in the street for a long time did not change the situation to the licensee's advantage.

Appeal from Circuit Court, Tuscaloosa County; H. B. Foster, Judge.

Bill by Diana Hausman and others against A. Brown to perpetually enjoin interference in any wise with the easements and rights of complainants, and from closing the openings of doorways in partition walls, etc. Decree for respondent, and complainants appeal. Affirmed.

The following is the opinion of the court:

In the year 1879 Stephen Miller owned the brick store at the southeast corner of the intersection of Broad or Fifth street and Greensboro avenue, in the city of Tuscaloosa. The store fronted on Broad street and its west wall was on the east line of Greensboro avenue. Miller also owned the store adjoining the corner store to the east, which also fronts on Broad street. In 1879 Miller conveyed the corner store to Garner & Simpson, and at a later date conveyed the said adjoining store to C. J. Hausman, through whose will the complainants derive title. At the time of the conveyance to Garner & Simpson there were two halls running across the upper floor of the corner building, and doors in the east wall of the building opening from said halls into the upper floor of the adjoining building. A balcony was attached to the west wall of the corner building hanging out over the sidewalk of Greensboro avenue. The balcony was supported on posts resting on the sidewalk. From the balcony a flight of stairs led down to the sidewalk, and rested upon the sidewalk, the base occupying about five feet of the width of the sidewalk. In his deed to Garner & Simpson, Stephen Miller reserved for himself, his heirs, and assigns the right to use said stairs, balcony, and halls across the second floor of the corner building for ingress and egress to and from the second floors of the complainants' building and of two other buildings adjoining complainants', building to the east. Through successive conveyances, Brown acquired title to the corner store, and in all of said successive deeds, including the immediate deed to defendant, the right reserved by Stephen Miller was reserved or excepted. In his deed to C. J. Hausman, Miller conveyed to Hausman, in addition to the storehouse and lot, the right he had reserved to himself, his heirs, and assigns in his deed to Garner & Simpson.

The above-recited condition of the corner building, with reference to the stairway, balcony, and cross-halls, continued to exist from 1879 until 1916, when, shortly before the institution of this suit, defendant took down the balcony and stairway, closed the doors in the west wall of his building, and was proceeding to tear out the cross-halls and close the doors in his east wall leading from the halls to the second floor of complainants' building. The bill of complaint seeks an injunction compelling the defendant to restore the balcony and stairway, and to open the doors in his west wall, and restraining him from proceeding further to interfere with the condition of his cross-halls and the doors leading through his east wall from said halls into the upper floor of complainants' building.

[1-3] The defendant does not deny the jurisdiction of equity to protect by injunctive relief, rights of character claimed by complainants. But he sets up the facts hereinabove briefly summarized, and says that so long as he maintains the stairway on the sidewalk, or permits it to remain as an attachment to his building, he is guilty of the commission of a public nuisance for which he constantly is liable to indictment by the grand juries of the county, and also to prosecution under an ordinance of the city of Tuscaloosa. He also says that the stairway resting upon the sidewalk is essential to complainants' enjoyment of the rights of ingress and egress claimed, and that without it the right is impossible of enjoyment. In other words, the defendant says that the claimed right involves, necessarily, compulsion upon him to continue in the violation of the laws of the state and the ordinances of the city of Tuscaloosa. The court is of the opinion from the facts shown that the right claimed by the complainants cannot be further enjoyed by them without a restoration of the balcony and the stairway, and that the balcony and stairway cannot be restored without overhanging the street with the balcony, and without obstructing the sidewalk with the stairway and supports for the balcony. If, then, defendant's contention is true, that to replace or to maintain the stairway and balcony on the sidewalk would be a violation of law, a court of equity will not compel him to replace them; for if it were to so compel him its order would be a direction to him to violate the law, and to commit a nuisance for which he could be punished, and which could be abated immediately by the state and city authorities. It is too well settled in this state for controversy that the placing or maintaining of a permanent obstruction on the sidewalk of a public street, such as the stairway and supports for the balcony would be, is a public nuisance, a violation of the law, for which the person responsible can be indicted and punished. Costello v. State, 108 Ala. 45, 18 South. 820, 35 L. R. A. 303; First Nat. Bank v. Tyson, 144 Ala. 457, 39 South. 560; Ala. Wes. R. R. Co. v. State ex rel., 155 Ala. 491, 46 South. 468, 19 L. R. A. (N. S.) 1173, 16 Ann. Cas. 485. The bill also prays for a decree for damages, but since the enjoyment of the claimed right involves, and always has involved, a violation of law voluntarily, but may be compelled to cease it, the court is of the opinion that no right to damages can spring from the defendant's removal of the stairway and balcony. There may be other reasons shown in the circumstances of this case why a court of equity would not enjoin the defendant, but the considerations already set out in this opinion are sufficient to show that the complainants are not entitled to relief. Let the following decree be entered:

This cause coming on to be heard in term time, is submitted on the bill of complaint, the answer and demurrers of defendant, and the agreed statement of facts, as noted in the complainants' and defendant's notes of submission. The court, after due consideration, is of the opinion that the complainants are not entitled to relief. It therefore is ordered and decreed by the court that the bill of complaint be, and hereby is, dismissed, and that complainants pay the costs of suit, for which execution may issue.

Harwood, McKinley, McQueen & Aldridge, of Tuscaloosa, for appellants. Brown & Ward and Foster, Verner & Rice, all of Tuscaloosa, for appellee.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SAYRE, J. [4-6] We approve the very clear opinion of the trial judge, and that opinion, with its summary but sufficient statement of the facts, will be set out in the report of this appeal. However, in further response to the brief for appellants, we deem .it advisable to say that the reservation in the deed under which appellants claim operated to create, not an interest in the soil, but a license in the nature of an easement, which would be irrevocable, as long at least as the servient building stands (Shirley v. Crabb, 138 Ind. 200, 37 N. E. 130, 46 Am. St. Rep. 376), but for the fact that its enjoyment necessarily involved an unlawful use of the public street (Jones on Easements, § 219). Without that use the servitude, if confined within the limits of the purpose for which it was designed, can be of no benefit to appellants. It would serve no useful purpose to keep the halls open through the building occupied by appellee—they could not be used as passways—unless in connection with the balcony and stairway on the sidewalk. It may be conceded that the servitude which the predecessors of the parties undertook to create figured as a part of the consideration of the contract in which it was reserved; but it was unlawful none the less, as all parties then or now concerned must be conclusively presumed to have known, and in respect of this unlawful feature of the contract the law cannot intervene for appellants' relief. It is sufficiently clear, we think, without extended argument, that appellee's motive in tearing away the balcony and stairway can have no controlling influence upon the decree, while, as for the long time those obstructions have been allowed to remain in the street, the authorities cited by the trial judge suffice to show that it has had no effect to change the situation to appellants' advantage. We see, therefore, no recourse but to order an affirmance of the decree dismissing appellants' bill.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.