(128 So. 143)

## VINES v. SLIGH.

### 6 Div. 530.

Supreme Court of Alabama.

April 10, 1930.

Rehearing Denied May 15, 1930.

C. L. Odell, of Bessemer, for appellant.

McEniry & McEniry, of Bessemer, for appellee.

GARDNER, J.

The bill was filed under the equity jurisdiction to establish and define uncertain or disputed boundary lines. Sections 6465, 6439, 6440, Code 1923; Smith v. Cook (Ala. Sup.) 124 So. 898;[1] Yauger v. Taylor, 218 Ala. 235, 118 So. 271; Jenkins v. Raulston, 214 Ala. 443, 108 So. 47; Camp v. Dunnavent, 215 Ala. 78, 109 So. 362.

Complainant and respondent each owned five acres, more or less, which adjoined, separated by a fence which inclosed respondent's land. Respondent insisted this fence was the eastern boundary line of his property, as it had stood in its present location and been recognized by the respective owners of these two tracts of land as such boundary for more than thirty-five years. Smith v. Cook, supra.

Complainant contended that the fence of recent years had been moved, and that as the fence now stood, respondent encroached, according to a correct survey, upon his property fifty-six feet on the north and seventy feet on the south side.

The chancellor determined this issue of fact in respondent's favor, and established by his decree the fence as the true boundary line, from which decree complainant appeals.

But we find a question presented, preliminary to the determination of this issue of fact, which is decisive of this appeal. The averments of the bill suffice to show the parties to the suit were adjoining proprietors, or coterminous owners. The above-noted statutes and decisions show that this primary fact is assumed as the basis for the exercise of this equity jurisdiction over uncertain or disputed boundary lines. This is so self-evident that no further discussion thereof is deemed necessary. Respondent, in this answer, denies this basic fact and avers that complainant had sold to one Bigsbee the lands immediately adjacent to his own, and that complainant's land did not adjoin those of respondent. Coming to the proof, we find that ten days before filing the bill in this cause complainant had conveyed to said Bigsbee lands to the south and east of that of respondent; that on the east being a strip of land adjoining the respondent's fence and continuing the entire distance along the line of said fence claimed by respondent as the eastern boundary line of his property. True the deed to Bigsbee makes no reference in the description to respondent's tract, but the evidence is without dispute that as so described it conveys the strip of land to the east as above noted. Indeed, the testimony of the civil engineer who made the survey for complainant discloses that, "Bigsbee lives just east of that fence, his house is between Mr. Sligh's ground and Mr. Vines' tract on which his house is located." The map of the property, testified as correct by the engineer, also establishes the ownership of Bigsbee of this strip, and as we read complainant's answer to the interrogatories propounded, such is an admitted fact, and there is no proof to the contrary. In cases of this character the complainant must own the land adjoining that as to which the disputed boundary line arises. It appears therefore that complainant's land and that of respondent, concerning which there was a dispute as to the boundary line, did not adjoin, and as to such they were not coterminous owners. This was the foundation stone of the bill's equity, in the absence of which the court is without juris-

diction to proceed, however desirable it may be to have the disputed boundary line established.

Appellant's argument in reply, if we correctly understand it, is that under a correct survey the disputed strip (now in respondent's possession) belongs to complainant, and that this strip adjoins respondent's land on the east. But this argument assumes the very question at issue and presupposes a successful determination of the cause in his favor, and would in fact convert such proceeding into a substitute for an action of ejectment. Yauger v. Taylor, supra. It is an insufficient answer to the situation here presented. Bigsbee, respondent's adjoining owner, was not a party to the cause, and in no manner was to be bound thereby.

We therefore conclude that the learned chancellor should have dismissed complainant's bill rather than proceed to the establishment of the disputed boundary line. The decree will be reversed and one here rendered dismissing the bill.

As previously noted, respondent presented this question in the court below and appellee pressed the same in argument here. While in the mere form of the judgment here rendered it may appear otherwise, yet in substance and effect appellee is successful on this appeal. In the exercise of a sound judicial discretion, therefore, we think it proper that appellant be taxed with the costs of this appeal as well also that of the court below.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

