177 So. 907

**HANCOCK v. WARREN.**

5 Div. 260.

Supreme Court of Alabama.

Dec. 2, 1937.

Rehearing Denied Jan. 13, 1938.

Albert Hooton, of Dadeville, for appellant.

Richard H. Cocke, of Alexander City, for appellee.

BOULDIN, Justice.

Appellee sued in statutory ejectment.

Defendant, pursuant to Code, § 7457, suggested that the suit arose over a disputed

boundary line, and described the location of the line as claimed by him. Plaintiff, by replication, described the location of the boundary line as claimed by him. The jury ascertained the true boundary line to be that claimed by plaintiff, and judgment was entered accordingly.

Defendant appeals, and presents for review the refusal of the affirmative charge for defendant, and denial of his motion for new trial for that the verdict was not supported by the evidence.

 The theory of appellant is that plaintiff's muniment of title does not extend over or include the strip of some three acres in dispute. Plaintiff's deed, and that of his predecessor in title, defines the southern boundary of his land as beginning at a subdivision corner of the government survey and running east fifty-two rods, thence northward, etc. Defendant claimed, and the evidence supported his contention, that on measuring this south boundary, as defined by the deed, the strip in controversy lies east of and outside the body of land covered by plaintiff's deed. Plaintiff, therefore, had the burden of proving adverse possession for the statutory period of ten years, or such possession for twenty years as would confer title by prescription. It does appear that the possession of plaintiff and those from whom he derived title and possession fell somewhat short of twenty years. In this regard, plaintiff could not go back to the time when both tracts of land were under one ownership, and, so far as appears, the line in controversy had not come into existence.

We are of opinion there was no error in submitting the issues to the jury, and sustaining its finding, on adverse possession for more than ten years.

The plaintiff claimed to a line marked by a line fence. Evidence tended to show this fence was erected by defendant, and recognized by him and the then owner of plaintiff's tract as a boundary line fence.

Further and stronger evidence was to the effect that this fence was pointed out to plaintiff, and to his immediate predecessor in title, as the boundary line at the time of their respective purchases, and each of them went into and held actual continuous possession to this fence (and the fence row after removal of a section of such fence), claiming title under their purchases, evidenced by their deeds. Such possession, evidence tended to show, continued for some fifteen years before suit brought. That on subsequent measurement it appeared the calls in the deeds did not extend to this disputed strip would not, as matter of law, prevent their holding being an adverse possession.

Color of title, as an indispensable element of adverse possession in some cases by virtue of Code, § 6069, has no application to "cases involving a question as to boundaries between co-terminus owners."

The evidence presented a case for the jury. Spragins v. Fitcheard, 206 Ala. 694, 91 So. 793; Smith v. Bachus, 201 Ala. 534, 78 So. 888; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103; Copeland v. Warren, 214 Ala. 150, 107 So. 94; Byars v. Howell, 209 Ala. 191, 95 So. 871; McLester Bldg. Co. v. Upchurch, 180 Ala. 23, 60 So. 173; Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am. St.Rep. 182.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.