191 So. 345

**BRANYON et al. v. KIRK.**

**8 Div. 917.**

Supreme Court of Alabama.

Oct. 5, 1939.

W. L. Chenault, of Russellville, John E. Delony, Jr., of Tuscumbia, and Ed. Almon Williams, of Washington, D. C., for appellants.

324

W. H. Mitchell, of Florence, and Kirk & Rather, of Tuscumbia, for appellee.

FOSTER, Justice.

The question in this case relates to the west and south boundary line of a lot in Tuscumbia, situated in the northeast corner of lot 421, south of Sixth Street and west of Dixon Street.

Appellants Williams and Booth leased the lot to appellant Branyon, said to be acting for the Texas Company, for a filling station, and it has been devoted to that purpose. Williams and Booth acquired the lot by deed from Vandiver on November 23, 1921, described in substance as being twenty-two feet east and west, and fifty-eight feet north and south in the northeast corner of lot 421. There was then located on a portion of it a brick storehouse twenty-two feet wide east and west and thirty-seven and one-half feet long north and south, leaving a space south of the building unimproved. The storehouse extended beyond the property line on its east and into the street by one and one-half feet, so that one and one-half feet west of the west wall of the building and a part of the lot included in the deed was not covered by the building, and this strip is a part of the disputed area.

Appellee owned to the west and south of the lot in question at the time of instituting this suit. There is also a strip on the south side and extending six feet beyond the line described in the deed to Williams and Booth, which they claim by adverse possession. So that appellee claims the strip on the west side of one and one-half feet by adverse possession, with no deed embracing it, and appellants claim that on the south side of six feet by adverse possession, with no deed embracing it.

Appellee, after filing this suit in equity, conveyed to the United States for use as a post office his property on the west, but not including, as he claims in the description, the said strip one and one-half feet wide. It is now contended that this suit is not thereby affected since the complainant continued to own said strip, if he did so before making the deed.

█ If he had sold it before filing the suit, he would not have been in position to maintain it, because he would not have been an adjoining property owner except as he might own said disputed strip. But he could not maintain this suit simply as such owner. That would be but a suit to recover the property. Vines v. Sligh, 221 Ala. 181, 128 So. 143.

█ But a sale of the adjoining property after the suit is begun is a different question. "The rule in equity is that when

a sole plaintiff has assigned his whole interest in the suit subsequent to its institution, plaintiff can no longer prosecute for want of interest, but his assignees could proceed by an original bill in the nature of a supplemental bill * * * [and] under our chancery practice, the same purpose can be accomplished by an amendment." Holder v. Taylor, 233 Ala. 477, 172 So. 761, 763.

■ While this conveyance was not of the whole interest of the complainant in the suit, it was of his whole interest in so far as the west boundary line was in dispute.

■ The United States has not come in, and the complainant was not entitled to relief in that respect.

The court also ordered appellants to remove from the one and one-half foot strip on the west side of the lot in question certain gasoline tanks there in part said to be embedded. This was on the finding that appellee was entitled to relief as to that strip. Since we cannot support that finding for the reasons we have stated, we cannot support the order to remove the tanks.

■ The next question is one of adverse possession affecting the line south of the lot of appellants. This question is available in a suit in equity to settle disputed boundary lines. Yauger v. Taylor, 218 Ala. 235, 118 So. 271; Mink v. Whitfield, 218 Ala. 334, 118 So. 559; Treadaway v. Hamilton, 221 Ala. 479, 129 So. 55; Smith v. Cook, 220 Ala. 338, 124 So. 898; Clarke v. Earnest, 224 Ala. 165, 139 So. 223; Baldwin v. Harrelson, 225 Ala. 386, 143 So. 558; Wood v. Foster, 229 Ala. 430, 157 So. 863; Holder v. Taylor, 233 Ala. 477, 172 So. 761.

■ There is no right in such a suit as this in equity to a jury trial. Yauger v. Taylor, supra.

■ Whether the possession to a given location is adverse is one of intention. If it was so held because he considered it his own, and claimed it as his own, it is hostile though he does not suppose he is claiming more than he owns; and that such claim is by a mistake of fact. It is not necessary for one to know that he is claiming the property of another when he is in the actual possession of it to make such possession adverse to the true owner. If he is in the actual possession with the intention to hold it and claim it as his own, it is adverse. Brantley v. Helton, 224 Ala. 93, 139 So. 283.

The court found as to this contention, not that appellants had not had adverse possession for the time required to foreclose further inquiry as to title, but that the claim is "not supported by such testimony as is required by section 6069, Code, to defeat complainant's legal title."

But it is distinctly provided in section 6069, Code, that it shall not apply to cases involving a question as to boundaries between coterminous owners. Such questions may arise in at least three well known ways,—one is by a suit in equity as here. Sections 6439 and 6465 (5), Code. When to have equity both parties must own lands which adjoin in addition to the strip in dispute. Vines v. Sligh, 221 Ala. 181, 128 So. 143. Another is by a suggestion in an ejectment suit for the recovery of a larger tract including that in controversy. Section 7457, Code. And the other is by an ejectment suit to recover the strip, the title to which is disputed because of the uncertainty of the boundary line. It has not been supposed that section 6069, Code, applies to any form of suit when the boundary line is the test, though it is controlled by adverse possession. Hancock v. Warren, 235 Ala. 180, 177 So. 907; See, Brantley v. Helton, supra.

■ We think the court was in error in restricting appellants to the requirements of section 6069, Code, to sustain this claim of adverse possession, but that it should be reconsidered and retried on the principles we have herein restated.

Both parties owned land adjacent to Dixon Street which had a sidewalk on its west side and extending the full length of the property of both parties. When appellants improved their land on the corner it was found advisable to lower the sidewalk by two feet as it adjoined their property. This they did by authority of the city council. But at or near the dividing line there was an abrupt increase in its elevation: the difference was two feet and appellants placed three steps to take care of the difference. This was done at that location opposite the line in dispute, as appellants claim. The bill alleged that this constituted a nuisance and caused damage to the property of appellee by reason of such altered change in the level of the sidewalk, and sought an abatement of the nuisance or in the alternative a decree for damages equal to the expense incident to lowering the grade of the sidewalk adjacent to complainant's property to conform to that of appellants.

The court decreed that such expense was $805.00, and ordered that appellants have thirty days in which to lower said grade, and if not done that appellee have and recover of appellants (not including the Texas Company) the sum of $805.

Appellants are not protected against liability because they were acting by authority of the city, if the rights of appellee were thereby unlawfully disturbed. The city could not confer a right to immunity which was not possessed by it. See, Finnell v. Pitts, 222 Ala. 290, 132 So. 2; Costello v. State, 108 Ala. 45, 18 So. 820, 35 L.R.A. 303.

We will not here consider the effect of a structure in the street as an obstruction and the right to have it removed as a nuisance, though authorized by the city. First National Bank v. Tyson, 133 Ala. 459, 32 So. 144, 59 L.R.A. 399, 91 Am. St.Rep. 46; Troy v. Watkins, 201 Ala. 274, 78 So. 50; State v. Louisville & Nashville R. Co., 158 Ala. 208, 48 So. 391; Hausman v. Brown, 201 Ala. 331, 77 So. 993, 15 Alabama Digest, Municipal Corporations, p. 175, ☜671 (5).

We are aware of no right of an adjoining property owner to have the differential in the level abated as an obstruction to the proper use of his property, or for damages except as provided by section 235, Constitution. The liability of a city to adjoining property owners for the consequences of its highway and drainage construction, by which levels are changed and drains and gutters constructed in the streets, have been heretofore treated as a permanent and unabatable condition, with consequences materially different from those occasioned by abatable nuisances. Harris v. Town of Tarrant City, 221 Ala. 558, 130 So. 83; City of Birmingham v. Evans, 221 Ala. 381, 129 So. 50.

Our Constitution and laws impose upon cities the power and duty to provide and maintain public streets (Alabama Traction Co. v. Selma Tr. & Sav. Bank, 213 Ala. 269 (2), 104 So. 517), and prescribe their grade level. Section 2181, Code. The manner of exercising this power cannot be directed by the court at the suit of individual property owners, though they abut such streets.

A municipal corporation (or one acting under its authority) is not liable for consequential injuries to property owners by an alteration in the grade of a street or any part of it under legal authority, and without negligence (44 Corpus Juris 429), except as such liability exists under section 235, Constitution, which requires cities to make just compensation for injuries caused by the same. Town of Avondale v. McFarland, 101 Ala. 381, 13 So. 504; McEachin v. Tuscaloosa, 164 Ala. 263, 51 So. 153; City Council of Montgomery v. Townsend, 80 Ala. 489, 2 So. 155, 60 Am.Rep. 112; Id., 84 Ala. 478, 4 So. 780. See, also, Dallas County v. Dillard, 156 Ala. 354, 47 So. 135, 18 L.R.A.,N.S., 884; City of Birmingham v. Graves, 200 Ala. 463, 76 So. 395.

When a change is made in a portion of the sidewalk not immediately abutting property of the claimant, whether he has a cause of action under section 235, Constitution, is doubted in some quarters. 20 Corpus Juris 677, note 36. But we think the better rule, well supported, is that when such change in a portion of the street or sidewalk is in such close proximity to the claimant's property, abutting other portions of the same street or sidewalk, as to cause a physical disturbance of its proper use and thereby cause injury to its market value, which is proximate, immediate and substantial, different from that of other property not so situated, section 235, Constitution affords to the owner a remedy. See, Robbins v. Scranton, 217 Pa. 577, 66 A. 977; In re Chatham St., 191 Pa. 604, 43 A. 365; Trowbridge v. Brookline, 144 Mass. 139, 10 N.E. 796.

As we have said the court proceeded upon the theory that the different levels of the sidewalk created an abatable nuisance and ordered it abated, or that the cost of doing so be paid to appellee. But there can be no abatable nuisance for doing in a proper manner what is authorized by law. Wheeler v. River Falls Power Co., 215 Ala. 655, 111 So. 907; Chichester v. Kroman, 221 Ala. 203 (5), 128 So. 166; Burnett v. Alabama Power Co., 199 Ala. 337 (3), 74 So. 459; Hamilton v. Alabama Power Co., 195 Ala. 438, 70 So. 737.

The true basis of the claim of appellee in this connection is the amount of consequential damages to his property under section 235, Constitution, if any, and this is measured by the difference between the value of the property before and after such change was made and occasioned by

it. Louisville & Nashville R. Co. v. Orr, 200 Ala. 603, 76 So. 961; Town of Eutaw v. Botnick, 150 Ala. 429, 43 So. 739; City Council of Montgomery v. Townsend, 80 Ala. 489, 2 So. 155, 60 Am.Rep. 112; 44 Corpus Juris 437; Smith v. Town of New Decatur, 166 Ala. 334, 51 So. 984.

We think the court erred in ordering a removal of the difference in the levels of the sidewalk in this block on the theory that it created a nuisance, and, in the alternative, to pay appellants an amount measured by the cost of such work.

The Texas Company was made a party on the theory that Branyon was acting as agent for it in leasing the lot from Williams and Booth and building a Texas filling station. The court did not expressly respond to this controversy, but ordered a decree for $250 damages for use and occupation against "respondents" and for the costs, and enjoined them from interfering with complainant's possession of the two parcels awarded to him.

We have indicated several respects in which we think the decree is erroneous, so that without reviewing it as against the Texas Company, we think it would be best to reverse it as a whole and remand the cause for further consideration and decree pursuant to the views here expressed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.