34 So.2d 10

### GUY et al. v. LANCASTER.

### 6 Div. 601.

Supreme Court of Alabama.

Jan. 22, 1948.

Rehearing Denied Feb. 19, 1948.

John A. Altman, of Carrollton, for appellants.

Patton & Robinson, of Carrollton, for appellee.

GARDNER, Chief Justice.

Statutory action of ejectment by appellant against appellee for a specifically defined strip of land.

There was verdict and judgment for defendant and plaintiff appeals.

Though in fact the case involved a disputed boundary line between SW ¼ of NE ¼ and SE ¼ of NE ¼, Sec. 8, T. 21, R. 13, West, in Pickens County, Alabama, yet there was no disclaimer, but a plea of not guilty, and our statute, Title 7, § 942, Code 1940, was not invoked.

Defendant filed two special pleas setting up elements of adverse . posession, to which demurrers were interposed and overruled. We find no occasion, under the issues here framed, to inquire into the accuracy of these pleas as the matter therein set forth was available to defendant under his plea of not guilty. Title 7, § 941, Code 1940; Bynum v. Gold, 106 Ala. 427, 17 So. 667; Metropolitan Life Ins. Co. v. Estes, 228 Ala. 582, 155 So. 79.

Coming to the proof, it appears that defendant J. C. Lancaster is the father of Leland Lancaster and in 1931, he, the father, owning the two adjoining forties above noted, deeded to his son Leland the

SE¼ of NE¼, Sec. 8, T. 21, R. 13, containing 40 acres more or less. This was a gift by the father to the son, though the deed recited a $200 consideration. In 1941 Leland conveyed, for a recited consideration of $500, this forty to N. Pate, who in 1943 conveyed it to J. A. Guy, and in 1945 Guy conveyed to his minor children, the real parties in interest here. After the purchase by Guy two surveys were made of this forty by the county surveyor Nettles, and according to his surveys defendant's possession in Leland's forty covers in the aggregate 2.4 acres.

The correctness of these surveys and this conclusion was of course, under the evidence, for the jury's consideration.

Defendant's theory of the case is that upon deeding the forty (SE¼ of NE¼, Sec. 8) to his son Leland, he and his son agreed upon the dividing line of the two forties, that a fence was there and afterward what is known as the Ballard road, and that he has held the strip of land sued for under claim of ownership and with all elements of adverse possession for a period of more than ten years.

Our holding in Mintz v. Millican, 248 Ala. 683, 29 So.2d 230, supports the theory of the defense of adverse possession as here involved. See also Smith v. Eudy, 216 Ala. 113, 112 So. 640; Pounders v. Nix, 222 Ala. 27, 130 So. 537; Mixon v. Pennington, 204 Ala. 347, 85 So. 562; Smith v. Cook, 220 Ala. 338, 124 So. 898; Forrester v. McFry, 229 Ala. 324, 157 So. 68; Turner v. De Priest, 205 Ala. 313, 87 So. 370; Brantley v. Helton, 224 Ala. 93, 139 So. 283; Notes 69 A.L.R. 1433; 113 A.L.R. 422, et seq. And as this is in fact a boundary line dispute the statute (Title 7, § 828, Code 1940) to which reference is made concerning requisites to the defense of adverse possession is inapplicable. Hancock v. Warren, 235 Ala. 180, 177 So. 907; Denton v. Corr, ante, p. 149, 33 So.2d 625.

Upon the question of consideration for an agreement as to the uncertain boundary line, our cases are to the effect that the mutual promise to abide by the result is sufficient consideration therefor.

Cooper v. Slaughter, 175 Ala. 211, 57 So. 477, 480.

Upon the question of adverse possession there were many questions for the jury to consider. Undisputedly neither defendant nor his son Leland was acquainted with government surveys, and the jury could well infer, if such an agreement was made (a jury question) the line so agreed upon was arbitrarily selected as the boundary line between these two forties. Defendant so states and that he has held to that line for more than ten years. He deeded to his son forty acres more or less by government numbers. If the jury accepted the testimony of surveyor Nettles this strip is in the forty deeded by defendant to his son Leland. In Smith v. Cook, supra, there were observations made which are applicable to this cause. If, as there observed, a coterminous land owner holds actual possession of the disputed strip under claim of right openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he acquires title to that line. Even though the belief as to the correct location originated in a mistake, and it is immaterial what he might or might not have claimed had he known he was mistaken.

But there is a limitation to this principle to the effect if the occupancy to a line is with no intention to claim to it if it should be beyond the true location of the boundary, such possession is not adverse.

When, however, one of the coterminous proprietors erects a fence as the dividing line and occupies and claims to it as such, with knowledge of such claim by the other, the claim of the former is presumptively hostile and the possession adverse.

The proof was that defendant accompanied the surveyor on the surveying trips, and plaintiff's evidence tended to show he made no claim as to an agreed line or ownership by adverse possession. As we have previously observed the relationship of father and son existed between the coterminous owners with the intention of the father to make a gift to the son of an adjoining forty.

Defendant testified to a certain stob as designating a certain corner of which he states he said nothing.

 In view of the foregoing principles there were certain questions propounded by plaintiff to witnesses which in our opinion should have been permitted and concerning which the court erred in sustaining objections interposed. These rulings constitute assignments of error 34, 35, 52 and 53. Assignments 34 and 35 relate to questions propounded to the witness Guy who purchased from Pate. Guy, after the purchase, had the land twice surveyed, and plaintiff asked him, when being examined as a witness for plaintiffs, whether or not in the afternoon after the first survey defendant stated to him that if he had started at another corner he would have been satisfied. And assignment 35 is to the same witness whether or not defendant at any time stated "that if you had started at the corner which you did start at the last time he'd be satisfied."

Witness Pate testified he was present when the first survey was made, and was asked by plaintiff "whether or not Mr. J. C. Lancaster said in the afternoon after the survey was made that if they had started on the corner where they started when the second survey was made, he would have accepted it." General objections were sustained, exception reserved and offer made to show such statement was made.

In the light of the principles of law here applicable, this testimony was of material consequence to plaintiff as tending to show a lack of the elements of adverse possession as well as agreement in good faith as to a boundary line between father and son. Evidence of a similar character was held admissible in Cooper v. Slaughter, supra, "as bearing upon the character of his possession of the disputed strip, and the intent with which it was held."

We consider that we have treated all questions sufficient for another trial of the cause, and forego further discussion.

We entertain the view the action of the court in declining this proof was error to reverse.

The judgment is accordingly reversed and the cause remanded for another trial.

Reversed and remanded.

FOSTER, LAWSON, and STAKELY, JJ., concur.