68 So.2d 732

**POLK et al. v. A. H. PINEHARDT CO.**

**6 Div. 668.**

Court of Appeals of Alabama.

Nov. 5, 1953.

St. John & St. John, Cullman, for appellants.

Bland & Bland, Cullman, for appellee.

HARWOOD, Judge.

This appeal is from a verdict and judgment in favor of the defendant below.

The plaintiff below being the appellant, the parties will hereinafter usually be referred to as plaintiff and defendant.

Suit below was on an account a verified itemized statement being attached to the complaint as an exhibit.

The defendant by pleas denied the correctness of the account.

No question is raised in this appeal as to the pleadings.

The plaintiff below was a partnership composed of two brothers, S. T. Polk and F. M. Polk, doing business as the Menlo Fruit Package Company, in Menlo, Georgia.

The defendant likewise is a partnership composed of two brothers, Fred W. Pinehardt and Ervin A. Pinehardt, doing business as A. H. Pinehardt Company, in Cullman, Alabama.

For the plaintiff Mr. S. T. Polk testified that on 28 April 1951 he received a long distance call from a man who said he was Pinehardt, in Cullman, Alabama. This person inquired as to whether the plaintiff could furnish with berry crates, and being told it could be done the caller stated he had a truck in Atlanta and if he could contact the driver he would have him drive by Menlo and pick up the crates. Later this same person called and said he had contacted the driver who would come to Menlo sometime during the day.

Between 8 and 10 o'clock that night a truck arrived and 1000 crates were loaded thereon. The truck being partially loaded with potatoes when it arrived it was necessary to extend the body in order to load the crates on it.

Mr. Polk did not know the make of the truck, nor did he know the driver. When the driver offered to sign an invoice for the load of crates Mr. Polk told him that he would mail it in the morning.

Two days later, on 30 April 1951, Fred Pinehardt ordered another 1000 crates, and again on 1 May 1951 he ordered another 1000 crates. All told some ten or eleven orders for crates were placed in the ensuing days, all of which were delivered by appellant's trucks and paid for, this dispute between the parties relating only to the first load of crates.

M. J. Mullican, a truck driver for the plaintiff, testified that he delivered the load of crates on 1 May 1951, having delivered a load the previous day. He presented an invoice to Fred Pinehardt for three orders of crates, listed individually on separate lines on the invoice, being for crates sold on 29 April, 30 April, and 1 May 1952. The item of 29 April was for the crates loaded on the truck which had called by Menlo. The last two orders were delivered by the witness to Pinehardt, and on the first visit he saw crates at Pinehardt's which had been manufactured by the plaintiff.

Mr. Mullican further testified that when he presented the invoice Fred Pinehardt scratched through the top item several times with a pencil, then instructed his bookkeeper to issue a check covering the total of the last two items or loads of crates.

Mullican further testified that Pinehardt told him on this occasion that he had already mailed a check covering the first item shown on the invoice.

Later Mullican drove Mr. Polk to Cullman in an effort to collect for the crates

loaded on the truck in Menlo. On this visit Fred Pinehardt told them that his bookkeeper was out on a route and he would have to check the matter with him. After waiting for four hours, and the bookkeeper having failed to return, Mr. Polk and Mullican returned to Menlo.

The invoice above mentioned was received in evidence of Plaintiff's Exhibit No. 1.

This exhibit is before us and indicates that the first item listed thereon has been erased. The two remaining items have been totaled, and the invoice marked paid by M. J. Mullican.

For the defense Fred Pinehardt testified that he had not placed any telephone calls to the plaintiff on 28 April 1951 in reference to obtaining berry crates; nor did he send any truck from Atlanta to Menlo, Georgia, on that day to pick up any crates.

Mr. Pinehardt further testified that the only crates received by his firm from the plaintiff's firm had been the loads delivered in plaintiff's trucks, and these had been paid for.

This witness denied he had told Mr. Mullican, plaintiff's truck driver, that a check had been mailed on the occasion when Mullican presented the invoice to him; he further testified that while it appeared that the first item on the invoice had been erased, he had not erased it and knew nothing about it; and that upon the occasion of Mr. Polk's visit to collect for the crates loaded on the truck from Atlanta he told Mr. Polk he would have to check with his bookkeeper, and upon doing so he found he did not owe for this item, in that all charges for items actually delivered to his firm had been paid.

Pinehardt further testified that at the time or season he obtained crates from the plaintiff he was also receiving crates from other manufacturers, and that crates made by one could hardly be distinguished from crates made by another unless carefully examined.

Two points are presented by appellant as constituting error.

█ The first is the action of the court in denying appellant's motion for a new trial alleging that the verdict of the jury was contrary to the law and the great weight of the evidence.

The evidence presented below was hopelessly conflicting. Certainly, if the testimony of Fred Pinehardt be accepted by the jury under the required rule, and the verdict evidences such acceptance, then an ample defense to the plaintiff's claim arises. This being so, and there being no basis upon which this court can say that the verdict is manifestly wrong and unjust, no reason for our interference with the judgment entered exists. Particularly is this true if we accord the presumption of correctness to the action of the trial court in overruling the motion for a new trial which, under the settled doctrines of our decisions, we must. We find no merit in this specification. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Guy v. Lancaster, 250 Ala. 287, 34 So.2d 499; Smith v. Smith, 254 Ala. 404, 48 So. 2d 546.

█ The other point urged as error by appellant relates to the action of the court in excluding certain testimony adduced during the testimony of Mr. Polk to the effect that one or more of defendant's checks, given for the crates delivered by plaintiff's trucks, had been returned because of insufficient funds, and it was necessary to keep sending these checks to the bank before they were eventually honored.

The factual issues in this case were whether the defendant had ordered, and received, the crates placed upon a truck in Menlo, Georgia, on the night of 28 April 1951. The excluded evidence in reference to the checks given for subsequent sales shed no light upon these issues. Such evidence was therefore immaterial and properly excluded.

Affirmed.