249 So.2d 814

**J. E. KITTRELL et al.**

**v.**

**Nicholas Eugene Stallworth SCAR-BOROUGH et al.**

**I Div. 670.**

Supreme Court of Alabama.

June 24, 1971.

Collins, Galloway & Murphy and Robert H. Smith, Mobile, for appellants.

**156**

Hamilton, Butler, Riddick & Latour, Mobile, for appellees.

MERRILL, Justice.

This appeal is from a decree fixing a disputed boundary line at the plat or map line between the coterminous owners. We affirm.

The appellees, residents of South Carolina, filed a bill of complaint against J. E. Kittrell and wife, charging that the respondents had placed four house trailers partially on their land; that this constituted a continual nuisance, encroachment and trespass, and that same should be abated or discontinued.

Respondents' answer claimed the property occupied under adverse possession for ten years, or by prescription of twenty years.

It is conceded by all parties that they are coterminous owners, that their record titles show that the south line of respondents' property is the north line of complainants' property and that the trailers do extend from a few feet up to more than twenty feet south over the surveyed map or plat line of the described lot owned by the respondents. There is no contest of the record title of the parties.

The trial court declared the true line to be the surveyed line between the lots according to the recorded plat or map and ordered respondents to remove the trailers from complainants' property and to discontinue any encroachment or trespass.

Appellants say in brief that "the only question to be decided on this appeal is whether or not the Kittrells through adverse possession by prescription of twenty (20) years, or by adverse possession of ten (10) years under Title 7, Section 828 are the owners of the disputed strip of land in question."

Appellees say in brief that the sole issue is whether or not the appellants-respondents in this case sustained the burden of proof which is imposed upon them to establish adverse possession.

The evidence stressed by appellants in the argument section of their brief would

tend to support their contention. But there is other evidence which supports the finding of the trial court.

In Barbaree v. Flowers, 239 Ala. 510, 196 So. 111, this court said:

"The defense rests upon the doctrine of adverse possession and prescription: a defense here available. Branyon v. Kirk, 238 Ala. 321, 191 So. 345. To establish this defense the burden rested upon respondents. Hancock v. Warren, 235 Ala. 180, 177 So. 907. * * *"

In Sylvest v. Stowers, 276 Ala. 695, 166 So.2d 423, we said:

"If a coterminous landowner holds actual possession of a disputed strip *under a claim of right* openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he thereby acquires title up to that line, even though the belief as to the correct location originated in a mistake, and it is immaterial what he might or might not have claimed had he known he was mistaken. Lay v. Phillips, 276 Ala. 273, 161 So.2d 477; McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160, and cases there cited. * * *" (Emphasis supplied.)

This "under claim of right" requirement appears in both *Lay* and *McNeil* cited supra.

Here, the complainants first learned of the possible encroachment in 1966 and they had the property surveyed by J. W. Rowe, a registered land surveyor, who testified at the trial. Another witness, Harold Ellis, testified that he was handling complainants' property in 1966, and after surveyor Rowe's survey, he talked to the respondents about it more than once; that on one occasion, Mr. Kittrell said that if necessary he would move the trailers off if the present tenant or a future owner needed the property; and on another occasion, Mr. Kittrell suggested that he get a price on the additional fifteen or twenty feet occupied by the trailers. He further testified that at no time did Mr. Kittrell ever claim to own the property; and that he wrote the tenant on complainants' property, who had an option to purchase, that Mr. and Mrs. Kittrell had indicated a desire to buy the small strip of land on which the trailers rested, particularly since permanent plumbing and wiring had been installed in the trailers.

Mrs. Kittrell did not testify, but Mr. Kittrell, on cross examination, when pressed as to his conversation with Mr. Ellis, did admit that he asked Ellis how much he would take for the property, and the following occurred:

"Q Did you say—you heard him testify that you offered to buy it if the price was right, is that correct or not?

"A Well, I told him I would."

In view of this positive evidence that the Kittrells' possession was not under a claim of right, we are convinced that the trial court did not err in finding that "the evidence adduced at the trial is insufficient to establish title in them by adverse possession, or by adverse possession for said prescriptive period, to any portion of Complainants' said property."

In Jones v. Wise, 282 Ala. 707, 213 So.2d 914, we said:

"A decree establishing a boundary line between coterminous lands on evidence submitted ore tenus in open court is presumed to be correct; and in such case the trial court's conclusions will not be disturbed unless plainly erroneous or manifestly unjust. Greif Bros. Cooperage Corp. v. Sawyer, 269 Ala. 513, 114 So.2d 259; Salter v. Cobb, 264 Ala. 609, 88 So.2d 845. And where the trial court sees and hears the witnesses testify, its findings which determine questions of fact will not be disturbed on appeal unless plainly wrong. Christian v. Reed, 265 Ala. 533, 92 So.2d 881; Early v. Beavers, 277 Ala. 78, 167 So.2d 161. We

**158**

cannot say that the trial court's conclusion in this cause was plainly wrong."

Affirmed.

HEFLIN, C. J., and LAWSON, HARWOOD and MADDOX, JJ., concur.