SHORES, Justice.
This is an appeal from a final judgment entered after an ore terms hearing in a boundary dispute between coterminous landowners. The trial court found the record boundary to be as set out in the plaintiffs’ complaint, but held that the defendant had acquired title to the disputed strip by adverse possession. The plaintiffs concede that the evidence was conflicting and would permit the conclusion reached by the trial judge, but assert that the court erroneously applied the relevant law in this case. Thus, they argue that the ore terms presumption of correctness does not aid the court’s judgment. We disagree and affirm.
The plaintiffs, Jimmy and Dorothy Able, are the owners of Lot 11 of the Subdivision of Lot 13, Indian Head Mills property, Cordova, Alabama. The defendant, Sybil Lawson, is the owner of Lot 12 of the subdivision. Mrs. Lawson purchased her property on February 2, 1962.
The plaintiffs purchased their property from Roy Wade on August 17, 1983. Mr. Wade had purchased the property in August of 1977, and had had the land surveyed at that time. It was determined by that survey that Mrs. Lawson was encroaching upon Mr. Wade’s property by 12 feet. Mrs. Lawson’s husband had built a doghouse upon the disputed land sometime in 1963, and had enclosed the area with a chain link fence to create a dog pen in 1970.
On July 27, 1978, Mr. Wade filed suit against Mrs. Lawson in the small claims court, attempting to recover an amount for alleged rent on the property. A default judgment was entered on October 26, 1978, awarding Mr. Wade $500. Mrs. Lawson appealed the judgment to the circuit court. The case was dismissed by Mr. Wade on September 28, 1981. On March 24, 1980, Mr. Wade initiated a second action against Mrs. Lawson, seeking the return of the property and damages for waste and for use and detention of the subject property. On August 6, 1982, that suit was also dismissed on Mr. Wade’s motion.
The plaintiffs present two issues for determination: (1) whether the defendant’s efforts to purchase Lot 11 from the plaintiffs’ predecessor in title conclusively disproves adverse possession of the disputed strip; and (2) whether the defendant is estopped from claiming adverse possession because of a prior adjudication.
Initially, we must note:
“Whether the evidence establishes adverse possession is a question of fact, the determination of which, when made upon evidence presented ore terms, is favored with a presumption of correctness and will not be disturbed on appeal unless plainly wrong or manifestly unjust.”
Tidwell v Strickler, 457 So.2d 365, 368 (Ala.1984).
The plaintiffs contend that the defendant’s offer to purchase Lot 11 from Mr. Wade is analogous to the situation that appeared in Kittrell v. Scarborough, 287 Ala. 155, 249 So.2d 814 (1971). In that case, the owner of some house trailers had placed them partially on the adjoining prop *397 erty. During examination, the defendant admitted that he had told the property owner’s agent that he would buy the disputed strip if the price was right. The court held that such an admission was “positive evidence that the [defendant’s] possession was not under a claim of right” and thus could not support a claim of adverse possession. 287 Ala. at 157, 249 So.2d at 816.
However, in this instance Mrs. Lawson’s offer to purchase the entire lot from Mr. Wade long after the disputed strip had been acquired by adverse possession for more than ten years does not indicate any relinquishing on her part of a claim of right to the disputed strip. The offer, here, unlike that in Kittrell, does not conclusively disprove adverse possession, but permits the conclusion that it was merely an effort to settle the ongoing litigation between Mr. Wade and Mrs. Lawson.
The plaintiffs’ second contention is that the prior adjudication in the small claims court estops Mrs. Lawson from claiming adverse possession. However, that adjudication was for alleged rent due and did not adjudicate the proper boundary between these property owners. More directly, it was not a decision regarding the respective property rights of these coterminous landowners. It is not disputed that the small claims court has no jurisdiction to adjudicate boundary line disputes. Moreover, Mrs. Lawson appealed the default judgment entered against her to the circuit court where Mr. Wade dismissed the complaint. Therefore, there was no “prior adjudication,” as urged by the plaintiffs.
Plaintiffs have failed to overcome the presumption of correctness accorded to judgments based on ore terms evidence. Consequently, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.